# IN UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| THE ESTATE OF MALCOLM J. BRYANT, | * | |
| Plaintiff, | * | |
| v. | | Civil No.: 1:19-cv-00384-ELH |
| | * | |
| BALTIMORE POLICE DEPARTMENT, *et al.*, | * | |
| | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS IN RESPONSE TO A SUBPOENA ISSUED TO QUATTRONE CENTER FOR THE FAIR ADMINISTRATION OF JUSTICE

NOW COME Defendants, William Ritz and Barry Verger (hereinafter the "Individual Defendants"), by and through their attorneys, NATHAN AND KAMIONSKI, LLP, and hereby move this Court pursuant to Fed. R. Civ. P. 45 for an order compelling the Quattrone Center for the Fair Administration of Justice to respond in full to Defendants' Subpoena to Produce documents and information. In support of their motion, Defendants state as follows:

### Introduction

Plaintiff, The Estate of Malcom J. Bryant ("Plaintiff") brings this §1983 lawsuit against the Baltimore Police Department ("BPD") and two former employees of the BPD, the Individual Defendants, Ritz and Verger. Plaintiff alleges Defendants caused Mr. Bryant's wrongful conviction and imprisonment for the murder of Toni Bullock, in part, by using suggestive identification procedures to obtain a false identification from the only eyewitness to the murder and withholding exculpatory evidence.

As support for their allegations, Plaintiff's Complaint is littered with references to an investigative report that was generated by the Baltimore Event Review Team ("BERT").

1

According to the BERT investigative report, the Baltimore City State's Attorney's Office; the Baltimore Police Department; the Maryland Office of the Public Defender in Baltimore City, and the University of Baltimore Innocence Project provided materials to the Quattrone Center for the Fair Administration of Justice at the University of Pennsylvania Law School ("Quattrone") for this investigation. Quattrone marketed this inquiry as an attempt to:

> [U]nderstand the events that occurred in the Malcolm Bryant case, from investigation through exoneration, and to generate precise recommendations with the goal of preventing the mistakes that occurred in that case from happening again. Our goal was not to punish or find blame with any individual or agency, but solely to understand how our system could ultimately convict Malcolm Bryant and then conclude that the conviction was in error based on the specifics of this case and its subsequent appeal.

(BERT Report at p. 1 attached hereto as Exhibit 1)

Quattrone further promoted this project as a "joint culture event review." (Id.) However, Quattrone now seems to have suffered a change of heart, and no longer seeks a "joint culture" of understanding, but rather seeks to obstruct and unnecessarily delay discovery in this case by placing arbitrarily-applied burdens on compliance with the Individual Defendants Rule 45 Subpoena.

**Legal Standard**

Under the Federal Rules of Civil Procedure, district courts have broad powers to govern conduct of discovery. *Dashiel v. Montgomery County*, 131 F.R.D. 102, 103 (D. Md. Nov. 16, 1989). Federal Rule of Civil Procedure 45(A)(iii) commands each person, to whom a subpoena is directed to "produce designated documents," to comply with said subpoena at "a specified time and place." Rule 45(C)(A) provides that a "subpoena may command a person to comply within 100 miles of where the person resides, is employed, or regularly transacts business" and Rule 45(g)

makes clear that a person who disobeys a subpoena, or a subpoena-related order, may be subject to contempt sanctions.

**Discussion**

Quattrone's inconsistent position here is both obvious yet still puzzling. Quattrone appears to have been intent on understanding the facts surrounding Bryant's conviction that it lead a wide-ranging and comprehensive re-investigation into the facts underlying this lawsuit, generated a substantial report on their findings, and even felt confident enough to make recommendations to both the BPD and the State's Attorney's Office. The findings of that report were then used as the crux of the allegations in this case. *See* Complaint, ¶ 8, 33, 41, 61, 90, ECF 1. Yet now, when the Individual Defendant officers, that Quattrone investigated, criticized, and ultimately accused of wrongdoing, seek to discover the documents generated during Quattrone's crusade, Quattrone chooses to unnecessarily delay the discovery process, obstruct production, and flat out deny cooperation **only** to the Individual Defendants.

On April 8, 2020, Counsel for the Individual Defendants mailed a subpoena to Quattrone for all records related to Malcom Bryant. That subpoena initially requested production by May 5, 2020. On June 16, 2020, Helen Logan, Senior Administrator of legal services sent an email (with a carbon copy to Denene Wambach, Associate General Counsel of the University of Pennsylvania) to Individual Defendants' Counsel stating:

> We have reviewed the subpoena and our procedures are clear. We do not respond to subpoenas more than 100 miles from our office address. According to Google, Nathan & Kamionski is just outside the 100-mile range. Please domesticate the subpoena and we will endeavor to comply with it.

*See* Exhibit A, email correspondence dated June 12, 2020. However, a simple search revels the distance between the Quattrone Center (3501 Sansome St., Philadelphia, PA 19104) and Nathan

3

& Kamionski, LLP (201 N. Charles St., Suite 1202 Baltimore, MD 21201) is 99.6 miles. *See* Exhibit B, *Google Maps*. It appears only by way of manipulating a google map to an alternate route can the distance between the two offices be stretched out to just beyond 102 miles.

On June 18, 2020, Counsel for the Individual Defendants contacted Ms. Logan to discuss her position and Ms. Logan claimed that the 100-mile requirement applies to all subpoenas, and that they will require the subpoena to be issued from a Pennsylvania Court, in any event. Mr. Logan further informed Counsel that Quattrone was applying the same requirements to a subpoena received from the Plaintiff and demanded Plaintiff amend their subpoena. Ms. Logan stated that they have received an amended subpoena from Plaintiff and intend to comply.

Ms. Logan appears to have misstated Quattrone's requirements. Not only has Plaintiff issued a subpoena from this court, and *not* a court in Pennsylvania (*See*, Exhibit C, Plaintiff's Subpoena dated June 18, 2020), but Plaintiff's place of production is located 99 Hudson St., New York City, NY 10013, an office 98.9 miles from Quattrone. *See* Exhibit D, *Google Maps*.

Quattrone's manipulation of various routes of travel to enhance the distance between its office and that of the Counsel for Individual Defendants; while also choosing to minimize the distance between Plaintiff's New York location and Quattrone reek of a double-standard to the "joint culture" discussed so fondly in the BERT report. In any event, Rule 45 does not even require Ms. Logan or anyone at Quattrone to travel 99 or 102 miles to comply with the Individual Defendants' subpoena. The materials can be scanned (if they are not already) and sent electronically.

In the end, Quattrone's gamesmanship is causing unnecessary delays in discovery that is already disturbed by the COVID-19 health crisis. Individual Defendants, therefore, seek an order compelling Quattrone to produce documents responsive to the outstanding subpoena

immediately and a Rule to Show Cause be issued to Quattrone on why it should not be held in contempt for only agreeing to comply with Plaintiff's subpoena and not the subpoena issued by the Individual Defendants.

WHEREFORE, Individual Defendants request that this Court enter an order compelling the production and inspection of documents by Quattrone, and for such other relief as this Court may deem appropriate.

DATED: June 30, 2020

Respectfully Submitted,

*/s/ Matthew J. Mc Carter*
Shneur Nathan, Bar No. 20707
Avi T. Kamionski, Bar No. 20703
Matthew J. Mc Carter, Bar No. 21032
33. W. Monroe, Suite 1830
Chicago, IL 60603
(312)612-1955
(952)658-3011
snathan@nklawllp.com
akamionski@nklawllp.com
*Attorneys for William Ritz and
Barry Verger*

# CERTIFICATE OF SERVICE

I, the undersigned attorney, hereby certify that I have caused true and correct copies of the above and foregoing to be served on all counsel of record via to the Court's CM/ECF system, and to the Quattrone Center for the Fair Administratoion of Justice (Denene.Wambach@ogc.upenn.edu; Helen.Logan@ogc.upenn.edu, in accordance with the rules of electronic filing of documents, June 30, 2020.

*/s/ Matthew J. Mc Carter*
Shneur Nathan, Bar No. 20707
Avi T. Kamionski, Bar No. 20703
Matthew J. Mc Carter, Bar No. 21032
33. W. Monroe, Suite 1830
Chicago, IL 60603
(312)612-1955
(952)658-3011
snathan@nklawllp.com
akamionski@nklawllp.com

*Attorneys for William Ritz and Barry Verger*