IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| The Estate of MALCOLM J. BRYANT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. ELH-19-cv-00384 |
| | ) | |
| BALTIMORE POLICE DEPARTMENT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## CLAWBACK STIPULATION AND ORDER

This matter comes before the Court by stipulation of Plaintiff The Estate of Malcolm Bryant, Defendants William Ritz, Barry Verger, and the Baltimore Police Department, and the Quattrone Center for the Fair Administration of Justice at the University of Pennsylvania ("Quattrone") (collectively, "the parties") to address the production of certain documents by Quattrone. Having found that the parties by, between, and among their respective counsel have stipulated and agreed to the terms set forth herein, and good cause having been shown, the following stipulation shall be entered:

**WHEREAS,** the parties have agreed to stipulate to protect certain privileged and otherwise protected documents, data (including electronically stored information) and other information, including without limitation, metadata (collectively "Documents"), produced by Quattrone against claims of waiver and inadvertent production if they are produced in response to the subpoenas issued by Plaintiff The Estate of Malcolm Bryant and Defendants William Ritz and Barry Verger in the case of *Estate of Malcolm Bryant v. Baltimore City Police Department*, ELH-19-384, pending in the United States District Court for the District of Maryland. A copy of

Plaintiff's and Defendants' subpoenas and riders are attached hereto as Exhibit 1 (collectively, "Subpoena").

**WHEREAS,** Quattrone has agreed to produce large volumes of Documents in response to the subpoenas. Quattrone wishes to comply with the Subpoena deadline and complete compliance expeditiously, while preserving and without waiving any privileges applicable to the information contained in the Documents produced.

**WHEREAS,** to comply with the Subpoena deadline, Quattrone may be required to produce certain categories of Documents that have been subject to minimal or no attorney review (the "Disclosures"). This Stipulation and Order is designed to foreclose any arguments that by making such Disclosures, the disclosure or production of Documents subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege, work-product doctrine, or other applicable privilege:

(a) Was not inadvertent by Quattrone;

(b) That Quattrone did not take reasonable steps to prevent the disclosure of privileged Documents;

(c) That the Quattrone did not take reasonable or timely steps to rectify such Disclosure; and/or

(d) That such Disclosure acts as a waiver of applicable privileges or protections associated with such Documents.

**WHEREAS,** because the purpose of this Stipulation is to protect and preserve privileged Documents, the parties agree they are bound as follows from and after the date their counsel have signed it, even if such execution occurs prior to Court approval.

Accordingly, the parties hereby **agree** pursuant to Federal Rules of Evidence 502(d) and (e) as follows:

1. The disclosure or production of Documents by Quattrone subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege and the work-product doctrine, to a Receiving Party, shall in no way constitute the voluntary disclosure of such Document.

2. The inadvertent disclosure or production by Quattrone shall not result in the waiver of any privilege, evidentiary protection or other protection associated with such Document as to the Receiving Party, and shall not result in any waiver of an applicable legal privilege.

3. If, during this litigation, a party determines that any Document produced by Quattrone is or may reasonably be subject to a legally recognizable privilege ("Protected Document"):

   (a) The Receiving Party shall: (i) refrain from reading the Protected Document any more closely than is necessary to ascertain that it is privileged or otherwise protected from disclosure; (ii) immediately notify Quattrone in writing it has discovered Documents believed to be privileged or protected; (iii) specifically identify the Protected Documents by Bates number range or hash value, and, (iv) within ten (10) days of discovery by the Receiving Party, return, sequester, or destroy all copies of such Protected Documents, along with any notes, abstracts or compilations of the content thereof. To the extent that a Protected Document has been loaded into a litigation review database under the

control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database. Where such Protected Documents cannot be destroyed or separated, they shall not be reviewed, disclosed, or otherwise used by the Receiving Party. Notwithstanding, the Receiving Party is under no obligation to search or review Quattrone's Documents to identify potentially privileged or work product Protected Documents.

    (b)    If Quattrone intends to assert a claim of privilege or other protection over Documents identified by the Receiving Party as Protected Documents, Quattrone will, within ten (10) days of receiving the Receiving Party's written notification described above, inform the Receiving Party of such intention in writing and shall provide the Receiving Party with a log for such Protected Documents consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege.. If any portion of a Protected Document does not contain privileged information, Quattrone shall also provide to the Receiving Party a redacted copy of the document that omits the information that the Quattrone believes is subject to a claim of privilege or other protection.

4.    If, during this litigation, Quattrone determines it has produced a Protected Document:

    (a)    Quattrone may notify the Receiving Party of such inadvertent production in writing, and demand the return of such documents. Such notice shall be in writing, however, it may be delivered orally on the record at a

deposition, promptly followed up in writing. Quattrone's written notice will identify the Protected Document inadvertently produced by bates number range or hash value, the privilege or protection claimed, and the basis for the assertion of the privilege and shall provide the Receiving Party with a log for such Protected Documents consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection. If any portion of the Protected Document does not contain privileged or protected information, Quattrone shall also provide to the Receiving Party a redacted copy of the Document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

(b) The Receiving Party must, within ten (10) days of receiving Quattrone's written notification described above, return, sequester, or destroy the Protected Document and any copies, along with any notes, abstracts or compilations of the content thereof. If a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database.

5. If the information contained in a Protected Document has already been used in or described in other documents generated or maintained by the Receiving Party prior to the date of receipt of written notice by Quattrone as set forth in paragraphs 3(b) and 4(a), then the Receiving Party shall sequester such documents until the claim has been resolved. If the Receiving Party

disclosed the Protected Document before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

6. The Receiving Party's return, sequestering or destruction of Protected Documents as provided herein will not act as a waiver of the Requesting Party's right to move for the production of the returned, sequestered or destroyed documents on the grounds that the documents are not, in fact, subject to a viable claim of privilege or protection. However, so long as the attempted clawback or designation of a Document as a Protected Document occurs within sixty (60) days of Quattrone's initial production of the Document, the Receiving Party is prohibited and estopped from arguing that:

    (a) The disclosure or production of the Protected Documents acts as a waiver of an applicable privilege or evidentiary protection;

    (b) The disclosure of the Protected Documents was not inadvertent; or

    (c) Quattrone did not take reasonable steps to prevent the disclosure of the Protected Documents;

    (d) Quattrone failed to take reasonable or timely steps to rectify the error pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), or comparable State rules, or otherwise.

7. Either party or Quattrone may submit Protected Documents to the Court under seal for a determination of the claim of privilege or other protection. Quattrone shall preserve the Protected Documents until such claim is resolved. The Receiving Party may not use the Protected Documents for any purpose absent this Court's Order.

8. Upon a determination by the Court that the Protected Documents are protected by the applicable privilege or evidentiary protection, and if the Protected Documents have been

sequestered rather than returned or destroyed by the Receiving Party, the Protected Documents shall be returned or destroyed within 10 (ten) days of the Court's order. The Court may also order the identification by the Receiving Party of Protected Documents by search terms or other means.

9. Quattrone represents that it is not asserting an attorney-client relationship with Malcom Bryant, the Estate of Malcom Bryant, Lamar Estep, or Malique Bryant.

10. Once executed by all parties, the Stipulation shall be by treated by the parties as an Order of Court until it is formally approved by the Court.

11. By operation of the parties' agreement and Court Order, the parties are specifically afforded the protections of FRE 502 (d) and (e).

**STIPULATED TO THIS 8TH DAY OF JULY, 2020**

By: /s/ Jean M. Zachariasiewicz
　　Joshua R. Treem (Bar No. 00037)
　　Jean M. Zachariasiewicz (Bar No. 19734)
　　Chelsea J. Crawford (Bar No. 19155)
　　Anisha S. Queen (Bar No. 20766)
　　Brown, Goldstein & Levy, LLP
　　120 E. Baltimore Street, Suite 1700
　　Baltimore, Maryland 21201
　　jtreem@browngold.com
　　jmz@browngold.com
　　ccrawford@browngold.com
　　aqueen@browngold.com
　　T: (410) 962-1030/ F: (410) 385-0869

　　Nick Brustin (admitted *pro hac vice*)
　　Anna Benvenutti Hoffmann (admitted *pro hac vice*)
　　Amelia Green (admitted *pro hac vice*)
　　Neufeld Scheck & Brustin, LLP
　　99 Hudson Street, 8th Floor
　　New York, NY 10013

By: /s/ Shneur Nathan
　　Avi Kamionski (20703)
　　Shneur Z. Nathan (20707)
　　Matthew J. Mc Carter (21032)
　　NATHAN & KAMIONSKI LLP
　　201 N. Charles St., Suite 1202
　　Baltimore, MD 21202
　　snathan@nklawllp.com
　　akamionski@nklawllp.com
　　mmccarter@nklawllp.com

　　*Counsel for Defendants Ritz & Verger*

By: /s/ Natalie R. Amato
　　Kara K. Lynch (29351)
　　Justin S. Conroy (28480)
　　Chief Solicitors
　　Natalie R. Amato (20749)
　　Assistant City Solicitor
　　Baltimore City Department of Law
　　Office of Legal Affairs

| | |
|---|---|
| nick@nsbcivilrights.com<br>anna@nsbcivilrights.com<br>amelia@nsbcivilrights.com<br>T: (212) 965-9081/ F: (212) 965-9084<br><br>*Counsel for Plaintiff*<br><br>By: /s/ John M. Myers<br>    John M. Myers<br>    Montgomery McCracken Walker<br>     & Rhoads LLP<br>    1735 Market Street<br>    Philadelphia, PA 19103-7505<br><br>*Counsel for the Quattrone Center for the Fair Administration of Justice at the University of Pennsylvania* | City Hall, Room 101<br>100 N. Holliday Street<br>Baltimore, MD 21202<br>410-396-2496 (telephone)<br>410-396-2126 (facsimile)<br>justin.conroy@baltimorepolice.org<br>kara.lynch@baltimorepolice.org<br>natalie.amato@baltimorecity.gov<br><br>*Counsel for Defendant BPD* |

SO ORDERED:

_____
The Honorable Ellen L. Hollander
United States District Judge

Date: _____