BROWN GOLDSTEIN LEVY

July 22, 2020

**BY ECF**
Hon. Deborah L. Boardman
United States Magistrate Judge
United States District Court for the District of Maryland
101 West Lombard Street, Chambers 3C
Baltimore, Maryland 21201

     Re: *The Estate of Malcolm J. Bryant v. Baltimore City Police Dep't, et al.*,
        No. 1:19-cv-00384-ELH

Dear Judge Boardman:

  Pursuant to your Letter Order of July 3, 2020 (ECF No. 81), we write to provide Plaintiff's position regarding the discovery dispute detailed in the Parties' July 21, 2020, joint letter (ECF No. 86). On April 24, 2020, Plaintiff served the following document requests on Individual Defendants William Ritz and Barry Verger:

- Request No. 4: Identify and produce true and correct copies of your complete personnel file from your employment with the [Baltimore Police Department ("BPD")], including without limitation any and all documents relating to your hiring, training, employment, performance, discipline, and remediation with the BPD, from the dates you first applied for any position at the BPD to the present; and
- Request No. 5: To the extent not requested above, identify and produce true and correct copies of any and all documents concerning any complaint, grievance, or disciplinary action . . . concerning your conduct as a BPD employee . . . including without limitation your complete BPD Internal Affairs Division File . . .

  In response, the Individual Defendants have produced only two summaries of complaints made against each of them (the "IAPro History Printouts"). They objected to producing any additional personnel or disciplinary records (other than "sustained citizen complaints within the last ten years which are of the same nature as plaintiff's allegations"), deeming Plaintiff's requests for such records "overly broad in terms of time, unduly burdensome, and seek[ing] information that is confidential, unnecessary, and thus disproportional to the needs of the case."

  Although the Individual Defendants initially argued that Plaintiff's requests are unduly burdensome, they conceded during the Parties' July 15, 2020, telephonic meeting that they have no basis for that objection, given that the BPD has provided them with their complete files and it would be easier to produce those files in their entirety than to review to limit the production.[1]

---

[1] In light of the Individual Defendants' refusal to produce all documents responsive to Request Nos. 4 and 5, Plaintiff served the BPD with (in addition to other requests) nearly identical requests on July 17, 2020. BPD's responses are due on August 17, 2020.

120 E. Baltimore Street Suite 1700 Baltimore, MD 21202 T 410.962.1030 F 410.385.0869 www.browngold.com

Further, the Individual Defendants' *entire* personnel and disciplinary files are relevant to Plaintiff's claims, rendering meritless their arguments that Plaintiff's requests are "overly broad in terms of time" and "seek[] information that is . . . unnecessary[] and thus disproportional to the needs of the case." Plaintiff has brought a § 1983 action alleging, in part, that Defendants Ritz and Verger, while employed with the BPD, failed to disclose exculpatory and impeachment evidence, conducted a suggestive identification, and fabricated evidence. Documents concerning the Individual Defendants' employment history with BPD are relevant to their veracity, the truthfulness of their prior statements and testimony, their experience and training on the appropriate procedures for investigating a homicide, and any past misconduct. The presumptively relevant nature of such documents was recognized in *Martin v. Conner*. 287 F.R.D. 348, 350 (D. Md. 2012) ("[E]xcept for reasonable redactions of names and addresses to protect privacy or informer sources, plaintiffs in federal civil rights actions are presumptively entitled to documents on prior complaints and prior history" (citation omitted)). Given their relevance to § 1983 actions, and the "'normal presumption in favor of broad discovery,'" *Martin*, 287 F.R.D. at 354 (quoting *King v. Conde*, 121 F.R.D. 180, 195 (E.D.N.Y. 1988)), personnel and disciplinary records are routinely produced in such cases. *See Green v. City of Asheville, N. Carolina*, No. 1:06-cv-27, 2006 WL 3825129, at *2 (W.D.N.C. Dec. 26, 2006) ("'In cases involving section 1983 claims, courts have repeatedly held that police personnel files and documents are relevant and discoverable.'" (quoting *Green v. Baca*, 226 F.R.D. 624, 644 (C.D. Cal. 2005)). This Court should compel their production here.[2]

Lastly, where, as here, the Court has entered a protective order (ECF No. 67), the Individual Defendants' refusal to produce the personnel and disciplinary records at issue because they are "confidential" is unsubstantiated. There is no harm, and the Individual Defendants have articulated none, that would result from the protected disclosure of the requested records.

For the foregoing reasons, we respectfully request that the Court resolve this dispute in Plaintiff's favor and order the Individual Defendants to produce documents responsive to Plaintiff's Request Nos. 4 and 5 by August 7, 2020.

---

[2] The Individual Defendants have requested that Plaintiff limit Request Nos. 4 and 5 to specific timeframes but have failed to cite any case in support. In neither *Martin* nor *Bellamy-Bey v. Baltimore Police Dep't*, 237 F.R.D. 391 (D. Md. 2006), the only case the Individual Defendants cite to support their objections to Plaintiff's Request Nos. 4 and 5, did the court limit the compelled productions to a certain timeframe. They have also requested that Plaintiff narrow its requests by subject matter. Such a request is unreasonable because Plaintiff does not have the records and therefore does not know what they contain. Plaintiff does know, however, that such records are typically relevant to all the areas listed above and should therefore be produced.

Respectfully,

/s/
Nick Brustin (*Pro hac vice*)
Anna Benvenutti Hoffmann (*Pro hac vice*)
Amelia Green (*Pro hac vice*)
Neufeld Scheck & Brustin, LLP
99 Hudson Street, 8th Floor
New York, NY 10013
nick@nsbcivilrights.com
anna@nsbcivilrights.com
amelia@nsbcivilrights.com
T: (212) 965-9081/ F: (212) 965-9084

Joshua R. Treem (Bar No. 00037)
Jean Zachariasiewicz (Bar No. 19734)
Chelsea J. Crawford (Bar No. 19155)
Anisha S. Queen (Bar No. 20766)
Brown, Goldstein & Levy, LLP
120 E. Baltimore Street, Suite 1700
Baltimore, Maryland 21201
jtreem@browngold.com
jmz@browngold.com
ccrawford@browngold.com
aqueen@browngold.com
T: (410) 962-1030/ F: (410) 385-0869

*Attorneys for Plaintiff*