

**MATTHEW MC CARTER**
*Associate Attorney*
mmccarter@nklawllp.com
T: (312) 612-1943
F: (952) 658-3011

July 22, 2020

VIA ELECTRONIC FILING ON CM/ECF

Magistrate Judge Doborah L. Boardman
Edward A. Garmatz Courthouse
101 W. Lombard St., Chambers 3C
Baltimore, MD 21201

      RE:    *Estate of Malcom Bryant v. The Baltimore City Police Department, et al.,* **19-cv-0384** – Individual Defendants position on production of Individual Defendants' employment file.

Dear Magistrate Boardman:

We represent Defendants William Ritz and Barry Verger ("Individual Defendants") in the matter referenced above and write regarding our position on the discovery dispute centered on production of the Defendants' personnel records from their time with the Baltimore City Police Department (BPD).

As background, Plaintiff, The Estate of Malcom J. Bryant ("Plaintiff") brings this §1983 lawsuit against BPD and the Individual Defendants. Plaintiff alleges Defendant Ritz caused Mr. Bryant's wrongful conviction and imprisonment for the murder of Toni Bullock, in part, by using suggestive identification procedures to obtain a false identification from the only eyewitness to the murder and withholding exculpatory evidence. Plaintiff alleges that Defendant Verger, a lab analyst, falsely "reported that [the victim's] fingernails were consumed, and no further testing was possible." *See* Plaintiff's Complaint at ¶ 78. This incident occurred in 1998.

As stated in the parties' joint letter, it is our position that Plaintiff's request for the Individual Defendants' entire personnel file is overly broad as to scope and time, seeks unnecessary confidential information, and for these reasons, is disproportional to the needs of this case. Defendant Ritz was employed at BPD from April 1977 until May 2008. Defendant Verger began his employment at BPD in August 1989 and is still currently employed at BPD. Plaintiff's request for "without limitation any and all documents" relating to the Individual Defendants employment with the BPD lacks any temporal or scope limitation, is untethered to the actual facts and allegations of this case, and is overbroad. In fact, Plaintiff's request runs afoul of the Federal Rules of Civil Procedure which allow discovery only of matters "that [are] relevant to any party's claim or defense and proportional to the needs of the case." F.R.C.P. 26(b). Plaintiff fails to offer any explanation for why the Defendants' entire personnel file (spanning several decades) is relevant or proportional to the issues in this case. *See Bost v. Wexford Health Sources, Inc.*, 2020 WL

1890506 (D. Md., April 15, 2020)(upholding magistrate judge's denial of plaintiff's discovery request in part because the documents sought were not proportional as they were not "reasonably tailored to the issue[s]" alleged in the complaint); also citing *Estate of Najera-Aguirre v. Cty. of Riverside*, No. EDCV18762DMGSPX, 2019 WL 6898944, at *4 (C.D. Cal. Aug. 22, 2019)(Plaintiff's request for officer's "entire personnel file" was overbroad).

In addition, the default rule under Maryland law is that personnel records are exempt from disclosure under Section 10–616(i) of the Maryland Public Information Act ("MPIA"). *See Maryland Dep't of State Police v. Dashiel*, 443 Md. 435 (2015). While this is not a dispute involving an MPIA request, the privacy interests are equally valid. The Fourth Circuit has never articulated a blanket rule that personnel records are discoverable in every case. Instead, "personnel files are discoverable if they contain information relevant to the subject matter of a case and the need for the information outweighs the file holders' privacy interests." *See Kirkpatrick v. Raleigh Cnty. Bd. of Educ.,* No. 95–2491, 1996 WL 85122, at *2 (4th Cir. Feb. 29, 1996).

As for disciplinary files, the District Court in *Bellamy-Bey v. Baltimore Police Dept.,* 237 F.R.D. 391 (D. Md. 2006) held that only those files which "involve a Defendant engaging in the same [underlying conduct] that [Plaintiff] is challenging" were to be produced. In *Bellamy-Bey*, the Court discussed the balancing test traditionally applied by courts to determine what police files are relevant to a suit. In an effort to cooperate with Plaintiff and limit the request to relevant and proportional information, Individual Defendants produced their IAPro disciplinary histories. and Plaintiff was asked to identify any files on the list that Plaintiff believes make similar allegations to those in this case. Plaintiff, however, has yet to identify a single matter.

In the spirit of compromise, the Individual Defendants offered to produce disciplinary or personal records for three tofive years before the incident in 1998 but Plaintiff refused to limit his request in any way. The deep dive Plaintiff seeks into Individual Defendants decades of employment at BPD is nothing but a fishing expedition.

If the Court is inclined to order production of the personnel records, Individual Defendants request the Court conduct an *in camera* review of the requested records to determine if these records are proportional to the needs of the allegations made in this case.

Respectfully, these Individual Defendants request that this Court limit Plaintiff's overbroad and disproportional request to only that information which is relevant to the issues in terms of time and scope, and which is proportional to the needs of the case.

Sincerely,

/s/ Matthew J. Mc Carter
Matthew J. Mc Carter, Bar No. 21032
Avi T. Kamionski, Bar No. 20703
Shneur Nathan, Bar No. 20707
Theresa Concepcion, Bar No. 21143
NATHAN & KAMIONSKI LLP
201 N. Charles St., Suite 1202

**NATHAN & KAMIONSKI LLP**

Baltimore, MD 21202
P: (312)612-1943
mmccarter@nklawllp.com

*Attorneys for Defendants William Ritz and Barry Verger*