# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| THE ESTATE OF MALCOLM J. BRYANT, <br><br> Plaintiff, <br><br> v. <br><br> BALTIMORE POLICE DEPARTMENT, *et al.*, <br><br> Defendants. | Civil Action No. ELH-19-00384 |

## PLAINTIFF'S STATUS REPORT

Pursuant to the Court's Order of August 14, 2020 (ECF No. 92), Plaintiff submits this status report in advance of the discovery call scheduled for September 1, 2020. The Parties met and conferred by telephone on August 27, 2020, in advance of Plaintiff's preparing this report. The Parties were unable to agree on a Joint Status Report and have therefore filed separate reports.

I.   **Production of Training Materials.**

During the discovery call with the Court on August 14, 2020, Judge Boardman ordered Defendants to produce documents concerning certain training the Individual Defendants received from the time each Individual Defendant began his employment with the Baltimore Police Department ("BPD") until the date of Malcolm Bryant's conviction on August 5, 1999. During the Parties' August 27 meet and confer, BPD's counsel represented that they have requested these training documents from BPD. BPD's counsel has conferred with their client and has confirmed that their client is still searching for the training documents. BPD has indicated that it will do its best to provide any responsive documents within the next two weeks.

## II. Production of Documents from the Individual Defendants' Personnel Files.

During the August 14, 2020, call, this Court also ordered Defendants to produce certain documents from the Individual Defendants' personnel files, from the date each Individual Defendant began his employment with the BPD until the date of Malcolm Bryant's conviction on August 5, 1999. During the Parties' August 27 meet and confer, counsel for the Individual Defendants represented that a production of these documents is forthcoming.

## III. Deposition Scheduling.

Under the current scheduling order, the depositions of Tyeisha Powell and Defendant William Ritz are set to take place on October 14, 2020, and October 19, 2020, respectively. Additionally, Plaintiff has noticed the depositions of third-party witnesses Renaldo Ritch and Kimberly Demory for September 9 and 10, respectively, and has noticed the depositions of John Thanner and John J. Stefanelli, former, non-defendant BPD officers, for September 23 and September 25, respectively.

Plaintiff seeks to depose a third former, non-defendant BPD officer, John T. Brown, but has been unable to confirm his location for service of a deposition subpoena. BPD has so far been unable to make meaningful contact with Mr. Brown but continues its efforts to locate him. BPD advised Plaintiff that it could not accept a notice of deposition or subpoena on Mr. Brown's behalf. Plaintiff has asked BPD for last known contact information (such as an address) for Mr. Brown or identifying information (such as a date of birth) that could be used to locate him so that Plaintiff could serve Mr. Brown with a subpoena, agreeing to maintain the confidentiality of such information under the protective order governing this case. Particularly given how common his name is, it has been impossible to locate Mr. Brown so far without such information. BPD has not provided this information, asserting any personal information is protected under Maryland

law. To Plaintiff's knowledge, based on the discovery produced in this case thus far, Mr. Brown was responsible for creating the composite sketch of Malcolm Bryant used during the investigation that led to Mr. Bryant's conviction. Accordingly, Plaintiff wants to depose Mr. Brown in advance of the scheduled depositions of Ms. Powell and Mr. Ritz on October 14 and 19, respectively.

Plaintiff will also need to depose Defendant Barry Verger but has not yet noticed his deposition because the production of BPD's forensic files is incomplete. As of August 27, Plaintiff had been unable to identify any bench notes or examiner notes relating to the two forensic reports that Defendant Verger created in the underlying investigation and which are the basis for Plaintiff's claims against him. During the Parties' August 27 meet and confer, BPD represented it was searching for any such documents. On August 28, BPD stated it produced additional serological documentation, which BPD represented contains Mr. Verger's notes. BPD is confirming whether there are additional forensic documents that need to be produced, but has not provided a date by which an additional production may take place. The delay in the production of these documents is in turn delaying the scheduling of Mr. Verger's deposition, which is of concern as, currently, any expert reports related to Mr. Verger's analysis are due on October 23.

**IV.     Production of Relevant Policies and Procedures.**

During the Parties' August 27 meet and confer, Plaintiff requested that BPD confirm that the dates of the BPD policies and procedures it has produced thus far are the closest in time to Mr. Bryant's 1998 arrest and 1999 conviction. Plaintiff also requested the production of policies, protocols, or procedures on certain topics, as well as the production of certain policies from the policy indices BPD has produced to date. Later the same day, Plaintiff provided additional

3

information (i.e., the specific index on which an identified policy appears) regarding the policies it seeks. On August 28, counsel for BPD verified that the dates on the policies produced are the closest in time BPD can locate to the dates of Mr. Bryant's arrest and conviction. On the same date, BPD made a supplemental production of policies, procedures, and protocols. Plaintiff is in the process of reviewing BPD's supplemental production.

V.  **Baltimore Police Department's Responses and Objections to Requests 5 and 6 in Plaintiff's First Set of Requests for Production of Documents.**

In its First Set of Requests for Production of Documents to BPD, Plaintiff made the following requests:

> 5. Identify and produce true and correct copies of any and all BPD homicide files or other BPD investigative files pertaining to BPD criminal investigations involving Defendant Ritz that were produced to Sabein Burgess' counsel or made available for inspection to Sabein Burgess' counsel in discovery in the matter of Sabein Burgess v. Baltimore Police Dep't, et al., Civil Action No. 1:15-cv-00834-RDB (D. Md.).
>
> 6. Identify and produce true and correct copies of any and all communications and BPD investigative files, including homicide files, regarding any BPD criminal investigation or subsequent criminal prosecution involving Defendant Ritz in which Defendant Ritz has been alleged by any person to have committed misconduct, including without limitation the complete BPD investigative files relating to the investigations of the October 5, 1994, murder of Michelle Dyson, the August 30, 2000, murder of Kevin Dukes, the July 5, 2002, murder of Sherene Moore and attempted murder of Marcus Booker, and the April 16, 2002, murder of Elliott Scott.

On August 19, 2020, BPD served its responses and objections to Plaintiff's requests. BPD did not produce any responsive documents for either request, objecting on multiple bases, including to the extent they "seek[] *Monell* discovery because the claims against BPD are bifurcated and discovery against BPD is stayed."

During the Parties' meet and confer of August 27, Plaintiff clarified that these requests do not seek *Monell* discovery regarding the liability of BPD generally for Mr. Bryant's wrongful conviction, but are narrowly tailored requests that seek discovery relevant to Federal Rule of

Evidence 404(b), i.e., to proving Defendant Ritz's motive, opportunity, absence of mistake, etc. Such evidence is critical to the individual liability case against Defendant Ritz. Further, as Request No. 5 makes clear, such evidence was produced by Defendants in the lawsuit litigated by plaintiff Sabein Burgess against the BPD and individual officers as a result of his wrongful conviction, and in which it is Plaintiff's understanding that *Monell* discovery was similarly bifurcated and stayed.

Plaintiff recognizes that the Court may wish for the Parties to address this dispute via the informal discovery dispute procedure set out in the Court's Letter Order of July 3, 2020 (ECF No. 81). Alternatively, Plaintiff is prepared to discuss this dispute during the discovery call on September 1, 2020. Plaintiff would appreciate the Court's guidance as to how best to proceed with addressing and resolving this dispute.

### VI. Difficulty Meeting the Discovery Schedule.

As discussed at the August 14 conference with the Court, despite their efforts, the Parties are having difficulty meeting the current discovery schedule. BPD has raised difficulties with producing documents based on, for example, still limited staff due to the COVID crisis. However, Plaintiff cannot consent to delays in production and still meet the discovery deadlines, which require Plaintiff to produce most expert reports by October 23 and expert reports related to police practices or eyewitness identification by November 18 (and therefore require that Plaintiff conduct relevant depositions well in advance of those dates).

Dated: August 31, 2020          Respectfully submitted,

                                                /s/
Joshua R. Treem (Bar No. 00037)
Jean Zachariasiewicz (Bar No. 19734)
Chelsea J. Crawford (Bar No. 19155)
Anisha S. Queen (Bar No. 20766)

Brown, Goldstein & Levy, LLP
120 E. Baltimore Street, Suite 1700
Baltimore, Maryland 21201
jtreem@browngold.com
jmz@browngold.com
ccrawford@browngold.com
aqueen@browngold.com
T: (410) 962-1030/ F: (410) 385-0869


Nick Brustin (admitted *pro hac vice*)
Anna Benvenutti Hoffmann (admitted *pro hac vice*)
Amelia Green (admitted *pro hac vice*)
Yasmin Dagne (admitted *pro hac vice*)
Neufeld Scheck & Brustin, LLP
99 Hudson Street, 8th Floor
New York, NY 10013
nick@nsbcivilrights.com
anna@nsbcivilrights.com
amelia@nsbcivilrights.com
yasmin@nsbcivilrights.com
T: (212) 965-9081/ F: (212) 965-9084

*Attorneys for Plaintiff*