**BRIAN E. FROSH**
*Attorney General*

**ELIZABETH F. HARRIS**
*Chief Deputy Attorney General*

**CAROLYN QUATTROCKI**
*Deputy Attorney General*



# STATE OF MARYLAND
## OFFICE OF THE ATTORNEY GENERAL

FACSIMILE NO.

WRITER'S DIRECT DIAL NO.

(410) 576-6955

(410) 576-6996
wshiff@oag.state.md.us

October 6, 2020

The Honorable Deborah L. Boardman
United States Magistrate Judge
United States District Court for the District of Maryland
101 W. Lombard Street
Baltimore, Maryland 21201

      Re:   *The Estate of Malcolm Bryant v. The Baltimore City Police Department*
             Case No. ELH 19-384

Dear Judge Boardman:

     The State's Attorney for Baltimore City receieved two subpoenas for the production of its case files relating to it prosecution of Malcolm Bryant. Per Judge Hollander' Order (ECF 68 ), the State' Attorney produced the non-privileged portion of the file in August 2020. The privilege log (provided to this Court yesterday via email) was provided to counsel on September 9, 2020.

     Following receipt of the privilege log, undersigned counsel and counsel issuing the subpoenas conferred. The State's Attorney agreed to provide two documents that she had initially designated as privileged (the letter to victim's mother and the letter to Ms. Powell; items 2 & 3 on the privilege log). Requesting counsel provided me with correspondence to the court dated September 21, 2020.

     Most of the privilege documents fall into two categories: either attorney work product or a provided document with redactions for personal identifying information.

With regard to the documents identified as protected pursuant to the work product, many are drafts of documents disclosed. The State's Attorney cannot fathom a substantial need for those materials to be produced as the final versions were provided. Draft documents often indicate the thought process of the attorney (it can easily be compared to the final document).

A significant portion of the documents over which work product privilege is asserted relate to the notes of trial counsel. These notes include mental impressions, conclusions and opinions. These notes may give insight about the State's Attorney's practice with respect to trial preparation policies, trial strategy, motions practice and jury selection. There can be no substantial need for those notes. This is the heart of the work product privilege. If such materials were subject to disclosure, " much of what is now put down in writing would remain unwritten…the effect on the legal profession would be demoralizing. And the interests of the client and the cause of justice would be poorly served." *United States v. Nobles*, 422 U.S. 225, 237 (1975).

Based on my September conversation with counsel, the document primarily desired by counsel is the 15 page memo from Lauren Lipscomb to Marilyn Mosby. The memo, dated May 9, 2016, contains Ms. Lipscomb' impressions about the proceedings, the investigation conducted by the State's Attorney' Office following the post-conviction proceedings and her recommendation about how to proceed. While it does contain recitations of facts and procedural matters, this information would be available to counsel from the documents provided. The only other factual information available is a discussion in the memo summarizing interviews with witnesses who testified at trial (I believe counsel is most interested in Ms. Powell's comments). The content of the memo is Ms. Lipscomb's summary of the conversation and her impressions. Ms. Powell is scheduled for deposition next week. Surely, counsel can ask her about her memories of (1) the underlying facts; (2) her trial testimony; (3) what she remembers telling anyone at or near the time of Mr. Bryant's release; and (4) what she currently remembers. There cannot be a substantial need for Ms. Lipscomb's impressions of Ms. Powell's comments to her. None of the documents contains a recorded or signed statement from Ms. Powell. Also, when Mr. Bryant was released from prison and a *nolle prosequi* entered on the charges against him, the underlying murder became an open investigation. Disclosure of counsel's thoughts and impressions in

an open matter potentially risks the ability to successfully prosecute the case in the future.

The remaining disputed issue is the redaction of personal identifying information from disclosed documents. In general, personal identifying information is redacted from documents produced by state agencies due to privacy concerns. Requesting counsel has not identified any specific individual to me for whom this personal identifying information is desired. The redactions are mininal. They have the documents. They simply indicated that they do not believe the redactions are appropriate.

Requesting counsel has expressed concerns that the privilege log is insufficient for them to determine whether a privilege was properly asserted. I have not received any specific requests to supplement a particular entry. The privilege log provides sufficient information to identify the nature of the document and the reason for the privilege. If a particular entry requires additional factual information, such as a date or an author, it can be provided.

I look forward to addressing these matters on Thursday morning. Thank you for your courtesy and consideration.

    Respectfully yours,

    /s/ Wendy L. Shiff

    Wendy L. Shiff
    Assistant Attorney General

cc:    All Counsel (via ECF)