

Avi Kamionski
*Partner*
akamionski@nklawllp.com
T: (312) 612-2255
F: (952) 658-3011

October 12, 2020

**VIA Electronic Filing**
Honorable Deborah L. Boardman
United States District Court
101 West Lombard Street, 3C
Baltimore, Maryland 21201

      RE:    *The Estate of Malcom J. Bryant v. Baltimore City Police Department, et al.*
              Case No.: 1:19-CV-00384-ELH

Dear Judge Boardman,

     As this Court is aware, Plaintiff has insisted on questioning Ms. Tyeisha Powell first at her upcoming deposition. If this is permitted, which Defendants object to, Plaintiff should not be permitted to utilize cross-examination style questioning. In further support of their motion for reconsideration, Defendants William Ritz and Barry Verger state as follows:

**Background**

     Since 1998 and 1999, Ms. Powell has made consistent statements on the record about the series of events that led to her assault and the death of her best friend, Toni Bullock. Ms. Powell participated in a photo array and identified Mr. Bryant as the person who assaulted her and Ms. Bullock. When asked to explain why she identified Mr. Bryant, Ms. Powell wrote:

> REMARKS: I picked this photograph because his face is stuck in my mind and I can't forget his face.
>
> Tyeisha Powell
> 12-1-98  12:44pm

     At a motion to suppress hearing on August 2, 1999, Ms. Powell identified Mr. Bryant in Court and said neither Det. Ritz nor anyone else tried to suggest whom she should identify in the photo array. (See Ms. Powell's Testimony attached hereto as Ex. 1). At trial, Ms. Powell also identified Mr. Bryant as the person who assaulted her and her best friend, Toni Bullock. (See Ms. Powell's Trial Testimony attached hereto as Ex. 2). At Bryant's sentencing hearing on September 9, 1999, Powell said, "there's no doubt in [her] mind" that Bryant was the person who assaulted her. (See Ms. Powell's Testimony at sentencing attached hereto as Ex. 3). Since 1999,



Ms. Powell has never provided any testimony or statement contradicting her identification of Bryant or her testimonies. In fact, Plaintiff has never raised a post-conviction argument suggesting any misconduct by Det. Ritz in connection with Ms. Powell's identification. Plaintiff's conviction was only vacated based on the DNA evidence.[1] Ms. Powell's identification was not at issue.

For the first time, Plaintiff alleges in this lawsuit that Det. Ritz conducted an unduly suggestive photo array and thereby procured Ms. Powell's identification of Bryant as the perpetrator. Indeed, Plaintiff's letter makes it clear that counsel hopes to create inconsistencies in Ms. Powell's testimony by badgering her into "submission." This is unfair to the witness, who is a victim herself and who has maintained clear and repeated testimony regarding this incident. Moreover, Plaintiff's strategy is an abuse of the deposition process. ***Twenty years*** have passed since Ms. Powell was the victim of a robbery attempt and lost her friend. Given the passage of time, it is natural for memories to fade and for a witness to be particularly vulnerable to suggestive, cross-examination style questioning. Such an examination style in this context poses an unacceptable risk that the witness will be manipulated at the expense of the truth. If Plaintiff is permitted to call Ms. Powell as their witness, the Court's basic truth seeking function demands that ground rules be placed on the examination so as to protect abuse of the witness and ensure that the witness is provided with the opportunity to testify in her own words. *State v. Sheline*, 955 S.W.2d 42, 44 (Tenn. 1997)("It has been said that the victim of a[n] assault is actually assaulted twice—once by the offender and once by the criminal justice system.").

## I. This Court Has Discretion To Control the Scope And Methods Of Discovery, Including Ms. Powell's Deposition.

Defendants recognize that some technically leading questions may be appropriate or necessary to refresh recollection, however, the abusive overuse of argumentative and leading questions at the start of Ms. Powell's deposition is likely to lead to a jumbled record which would irreversibly prejudice Defendants. See *United States v. Durham*, 319 F.2d 590, 592 (4th Cir. 1963) ("The essential test of a leading question is whether it so suggests to the witness the specific tenor of the reply desired by counsel that such a reply is likely to be given irrespective of an actual memory. The evil to be avoided is that of supplying a false memory for the witness."). The Fourth Circuit is clear that "the extent to which the use of leading questions may be indulged or limited is a matter primarily for the discretion of the trial judge and an appellate court will intervene only if there is a clear abuse of discretion." *Id.* Here, to avoid abuse of the witness and to protect the integrity of the record, if the Court permits Plaintiff to question Ms. Powell first, the Court should exercise its discretion and forbid unmitigated leading questions. *Haney v. 3M Co.*, No. CIV.A. MJG-12-1396, 2015 WL 4429439, at *5 (D. Md. July 16, 2015) ("The right of a cross-examiner to employ leading questions is not absolute under Rule 611(c)"). In the spirit of ensuring the deposition's ***effectiveness for determining the truth***, the witness should be allowed to give unadulterated responses to the questions asked of her, free from any subliminal suggestions as to how the witness should or should not answer the question, allowing the witness to rely solely on her memory. If the witness's memory should falter or be contradictory to established information, the Rules of Evidence have prescribed methods to remedy a lack of memory and contradictory testimony.

---

[1] The significance of this DNA evidence is overstated as explained in Dkt. 107



**II. Leading Questions Are Not Appropriate At Ms. Powell's Deposition - Ms. Powell Refused To Meet With Defense Counsel As Well**

Plaintiff claims that Ms. Powell's "refus[al] to have any communication with representatives of Plaintiff" justifies the use of leading questions at her deposition. *See* Dkt. 113 at 2 ("The witness's refusal to meet with the [] examiner before trial to prepare for his testimony may be particularly important since the refusal suggests hostility…"). Under this standard, Plaintiff and Defendants are on equal footing. As the Court is aware, Ms. Powell refused to meet with Defendants and directed any communication with her be made through her attorney. (See Dkt. 99). As such, neither side has a built-in advantage at the deposition and Ms. Powell's refusal to communicate about a traumatizing incident prior to her deposition should not be a basis to allow Plaintiff to improperly cross-examine Ms. Powell. If Plaintiff insists on calling Ms. Powell as their witness and examining her first, then they should not be permitted to open the deposition with cross-examination style questioning.

**III. Plaintiff's Ability To Impeach The Witness Would Not Be Impaired By A Limitation On The Use Of Leading Questions, If Grounds To Impeach The Witness Are Present And Properly Established**.

Plaintiff's argument that counsel needs to ask leading questions during Ms. Powell's examination is premature because in order to properly impeach Ms. Powell, her given testimony must first present contradictory or inconsistent information. Since, Ms. Powell has yet to testify, it is rank and self-serving speculation to assume that there will be grounds for impeachment. If, during the deposition, there arises a time where Plaintiff can properly impeach Ms. Powell's testimony, Plaintiff will have the latitude to do so at the appropriate time. Until such an event, Plaintiff cannot be permitted to use the *possibility* of impeachment as a sword and shield to ask leading questions without restraint.

Respectfully Submitted,

/s/
Avi T. Kamionski, Bar No. 20703
Shneur Nathan, Bar No. 20707
Theresa Concepcion, Bar No. 21143
Matthew J. Mc Carter, Bar No.21032
33. W. Monroe, Suite 1830
Chicago, IL 60603
Tel: (312)612-1955
akamionski@nklawllp.com
snathan@nklawllp.com
tconcepcion@nklawllp.com
mmccarter@nklawllp.com
*Attorneys for William Ritz and Barry Verger*