**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
(Northern Division)

| | |
|---|---|
| THE ESTATE OF MALCOLM J. BRYANT,<br><br>Plaintiff,<br><br>v.<br><br>BALTIMORE POLICE DEPARTMENT, *et al.*,<br><br>Defendants. | Civil Action No. ELH-19-00384 |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

In denying Defendants' motion to dismiss, this Court recognized that Plaintiff had sufficiently pleaded that Defendant Barry Verger suppressed exculpatory evidence regarding the fingernail evidence—the same evidence that would ultimately lead to Mr. Bryant's exoneration. After document discovery related to that claim, and out of an abundance of caution, Plaintiff now seeks leave to amend its Complaint to add a closely related theory of liability: that Verger intentionally and in bad faith destroyed a portion of this fingernail evidence by performing needless destructive forensic testing on it. The proposed Amended Complaint (Ex. 1) and a redlined comparison to the initial Complaint (Ex. 2), ECF No. 1 (Compl.), are attached as exhibits hereto.

### BACKGROUND

This § 1983 suit seeks redress against the Baltimore Police Department ("BPD") employees who caused the wrongful conviction of Malcolm Bryant for the murder of 16-year-old Toni Bullock. Plaintiff filed its initial Complaint on February 8, 2019, which included claims against Defendant Forensic Analyst Barry Verger for bad faith suppression of exculpatory

evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). In particular, Plaintiff alleged that Verger examined evidence from the crime, including the victim's fingernail clippings, before that evidence was submitted to the Maryland State Police ("MSP") for DNA analysis. Although Verger's analysis revealed that the clippings contained the assailant's blood, no DNA testing was conducted on those clippings because Analyst Verger falsely reported that the fingernails were consumed during this testing. ECF No. 1 ¶¶ 78–80.  On February 10, 2020, this Court denied Defendants' motion to dismiss the *Brady* claims against Verger based on these allegations. ECF No. 41 at 42–45.

The first scheduling order in this case was entered April 22, 2020, and set a deadline of July 1, 2020, to amend the pleadings. ECF No. 56. Plaintiff then sought document discovery regarding these claims, production of which was substantially delayed by the COVID-19 pandemic and related staffing limitations at BPD. It was not until August 28, 2020—already past the deadline for amending the complaint under the scheduling order—that the most basic documents related to this claim were produced, including the full extent of Verger's case file relating to the testing and underlying bench notes. Plaintiff continued to seek other critical discovery related to these claims, including BPD policies governing the forensic testing Verger conducted and materials relating to training he received. BPD first produced a subset of these documents in mid-September. After reviewing the approximately 1000 pages of BPD policies, forensic literature, and training materials produced, and consulting with an expert, Plaintiff followed up with Defendants because critical areas of these policies and training materials appeared to be missing. It was not until November 16 that Defendants confirmed they had no further policies, procedures, or training documents to produce. (At that point, all discovery was stayed for three weeks to facilitate settlement discussions, which were ultimately unsuccessful.).

In addition, Plaintiff separately requested documents from the non-party Maryland State Police, which conducted the DNA testing on evidence in this case immediately following Verger's forensic testing. Plaintiff received the MSP case files in mid-September; on December 10, the MSP produced policy documents related to that forensic testing.

Based on those documents, and in consultation with Plaintiff's expert, Plaintiff now believes that Verger not only falsely reported that the fingernail evidence was completely consumed, but also in bad faith destroyed red blood stains on these fingernails by willfully conducting needless destructive testing on that evidence. Although this theory of liability is closely related to the one outlined in its Complaint, because it invokes a slightly different legal theory than the *Brady* theory that was pled, in an abundance of caution, Plaintiff seeks to amend the Complaint to specifically allege a § 1983 destruction of exculpatory evidence claim, also known as a "*Youngblood* claim." *See Arizona v. Youngblood*, 488 U.S. 51 (1988).

Although document discovery related to the claims against Verger has been ongoing for months, no depositions have yet been taken related to those claims. The close of fact discovery is April 2, 2021, and the deadline for Plaintiff's expert reports is April 27, 2021, and for Defendants' expert reports is May 25, 2021. ECF 127.  Defendant Verger's deposition has not yet been scheduled.

Prior to filing the instant motion and pursuant to Local Rule 103(6)(d), on January 12, 2021, counsel for Plaintiff requested Defendants' consent, including by providing Defendants' counsel with a redlined copy of the proposed Amended Complaint (Ex. 2). After receiving no substantive response, Plaintiff's counsel followed up again, requesting consent on January 15 and January 19. Defendants' counsel informed Plaintiff on January 19, that Defendants do not consent to this motion.

## DISCUSSION

**I.   Plaintiff satisfies Federal Rule of Civil Procedure 16(b)(4)'s good cause standard.**

Under Rule 16(b)(4), "[g]ood cause exists for amending a complaint after the scheduling order deadline when at least some of the evidence needed for a plaintiff to prove his or her claim did not come to light until after the amendment deadline." *Wilson v. TelAgility Corp.*, No. GLR-17-1236, 2019 WL 2410963, at *3 (D. Md. June 7, 2019) (quoting *Tawwaab v. Virginia Linen Serv., Inc.*, 729 F. Supp. 2d 757, 768 (D. Md. 2010), internal quotation marks omitted); *see also Tawwaab*, 729 F. Supp. 2d at 770–71 (finding good cause to permit amended complaint at the time of summary judgment).

Here, the revised deadline to amend pleadings expired on July 1, 2020. ECF No. 79.[1] However, as explained above, Plaintiff did not receive key discovery—including in particular Verger's complete case file and bench notes—until August 28. Other relevant discovery, including BPD policies and training materials and the Maryland State Police case files, were received in mid-September. After reviewing approximately 1000 pages of BPD policies, forensic literature, and training materials and consulting with an expert, Plaintiff followed up with Defendants because critical areas of documents appeared to be missing. It was not until November 16 that Defendants confirmed they had no further policies, procedures, or training documents to produce, at which point discovery was stayed to facilitate settlement discussions.. Finally, on December 10, Plaintiff received Maryland State Police policies related to forensic testing.

---

[1] Although an earlier schedule had set the deadline for amending the pleadings at August 1, 2020, ECF No. 62, a subsequent iteration of the operative order set it back to July 1, 2020. ECF No. 79.

It was not until Plaintiff had access to these underlying case files, bench notes, policies, procedures, and training materials, and had consulted with an expert, that Plaintiff believed it had a good faith basis to allege that Verger in bad faith destroyed exculpatory evidence through his use of needless destructive testing on the visible blood stains on the victim's fingernail clippings. It was not possible to obtain these documents before the deadline for amending the pleadings provided in the scheduling order, and Plaintiff acted diligently once that information was obtained. Therefore, good cause exists to modify the scheduling order to permit Plaintiff to file an amended complaint.

## II.   Justice requires granting Plaintiff's request to amend the Complaint.

Once a party has demonstrated good cause to modify a scheduling order, the inquiry shifts to Rule 15(a). *Wilson*, 2019 WL 2410963, at *4. Under this Rule, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). A court should "freely give leave when justice so requires," *id.*, "unless 'the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Steinburg v. Chesterfield Cty. Planning Comm'n*, 527 F.3d 377, 390 (4th Cir. 2008) (quoting *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc)). If this Court "is persuaded that no prejudice will accrue, the amendment should be allowed." *Haughie v. Wexford Health Sources, Inc.*, No. 18-cv-3963-ELH, 2020 WL 1158568, at *5 (D. Md. Mar. 9, 2020) (citation omitted); *see also id.* at *11 (granting motion to amend because it was "in the interests of justice, not prejudicial to the defendants, and not necessarily futile").

As explained above, Plaintiff has acted in good faith in pursing this amendment. Nor would Plaintiff's proposed amendment prejudice Defendants. Although document discovery has

proceeded regarding this claim, no relevant depositions have yet been taken and plenty of time remains in the discovery schedule to do so. Indeed, Defendants have not yet taken any depositions and Defendant Verger's deposition is yet to be scheduled. Defendants have ample notice of Plaintiff's additional theory of liability to prepare for any relevant depositions.[2] Finally, amendment is not futile because Plaintiff's allegations make out an actionable § 1983 *Youngblood* claim—that is, that Verger intentionally and in bad faith destroyed exculpatory evidence. *See, e.g.*, *Armstrong v. Daily*, 786 F.3d 529, 556–57 (7th Cir. 2015); *Yarris v. Cty. of Delaware*, 465 F.3d 129, 142–43 (3d Cir. 2006).[3]

## CONCLUSION

Accordingly, Plaintiff requests that this Court grant it leave to file an amended complaint.

Dated: January 20, 2021

Respectfully submitted,

/s/
Jean Zachariasiewicz (Bar No. 19734)
Chelsea J. Crawford (Bar No. 19155)
Anisha S. Queen (Bar No. 20766)
Brown, Goldstein & Levy, LLP
120 E. Baltimore Street, Suite 1700
Baltimore, Maryland 21201
jmz@browngold.com
ccrawford@browngold.com
aqueen@browngold.com
T: (410) 962-1030/ F: (410) 385-0869

Nick Brustin (admitted *pro hac vice*)
Anna Benvenutti Hoffmann (admitted *pro hac vice*)
Amelia Green (admitted *pro hac vice*)

---

[2] Defendants were also on notice of Plaintiff's motion for leave to file an amended complaint before Defendant Ritz's deposition on January 19, 2021, as Plaintiff provided Defendants' counsel with a redlined copy of the Amended Complaint and sought Defendants' consent to this motion one week before that deposition.

[3] As Plaintiff's *Youngblood* claim against Analyst Verger arises from the very same testing and conduct as Plaintiff's *Brady* claim against him, the proposed Amended Complaint also relates back to the initial complaint. *See* Fed. R. Civ. P. 15(c)(1)(B).

                    Yasmin Dagne (admitted *pro hac vice*)
                    Neufeld Scheck & Brustin, LLP
                    99 Hudson Street, 8th Floor
                    New York, NY 10013
                    nick@nsbcivilrights.com
                    anna@nsbcivilrights.com
                    amelia@nsbcivilrights.com
                    yasmin@nsbcivilrights.com
                    T: (212) 965-9081/ F: (212) 965-9084

                    *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 20, 2021, the foregoing Plaintiff's Motion for Leave to File an Amended Complaint, including the proposed Amended Complaint (Ex. 1) and a redlined comparison to the initial Complaint (Ex. 2), was filed with the United States District Court for the District of Maryland via the CM/ECF system, and that service will be provided through the CM/ECF system.

Date: January 20, 2021

/s/ Yasmin Dagne
Yasmin Dagne

*Attorney for Plaintiff*
