

Tel: [212] 965-9081
Fax: [212] 965-9084

99 Hudson Street, 8th Floor
New York, New York 10013
nsbcivilrights.com

February 1, 2021

**BY ECF**
Hon. Deborah L. Boardman
United States District Court
101 West Lombard Street, 3C
Baltimore, Maryland 21201

        Re:    *The Estate of Malcolm J. Bryant v. Baltimore City Police Dep't, et al.*,
                No. 1:19-cv-00384-ELH

Dear Judge Boardman:

      We write to provide Plaintiff's position regarding the Parties' dispute, introduced in their January 29, 2021, joint letter (ECF No. 139), concerning Plaintiff's assertion of work product privilege over certain documents. Plaintiff respectfully requests that the Court find that Plaintiff can assert the work product privilege, and that Individual Defendants are not entitled to these documents.

      **I.**        **Factual Background**

      In 1999, Malcolm Bryant was wrongfully convicted for the 1998 assault and murder of Toni Bullock. Throughout his prosecution, conviction, and incarceration, Mr. Bryant truthfully maintained his innocence. To overturn his wrongful conviction, Mr. Bryant reinvestigated his own case, and, at times during the appellate and post-conviction process, litigated pro se. While incarcerated, Mr. Bryant sought the pro bono assistance of Dorothy Fardan, a professor at Bowie State University who also ran a nonprofit called the Sojourner Truth Farm School and Center for Human Growth. At his instruction, Dr. Fardan and her students reviewed trial transcripts and police files, worked to locate and interview witnesses connected to the Bullock homicide, and coordinated with a private investigator, Reginald Bryd, who briefly worked for Mr. Bryant. At issue are five letters written to or by Dorothy Fardan over which Plaintiff has asserted the work product privilege.[1]

      **II.**       **Malcolm Bryant can assert work product privilege.**

      Under Fed. R. Civ. P. 26(b)(3)(A), "a party may not discover documents…that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's…agent)." Individual Defendants do not dispute that Dorothy Fardan was Malcolm Bryant's agent, nor can they dispute that these five documents were prepared in anticipation of litigation. A document is prepared "in anticipation of litigation" if it is "prepared *because* of the prospect of litigation when the preparer faces an actual claim or a potential claim following an actual event or series of events that reasonably could result in litigation." *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Murray Sheet Metal Co.*, 967 F.2d 980, 984 (4th Cir. 1992) (emphasis in original). By 2005, Mr. Bryant had filed several motions and appeals, including at least one pro se motion; by 2006, he

---

[1] Of the five letters, three letters are from 2005, one letter is from 2006, and one letter is undated. Four letters are between Dr. Fardan and Mr. Bryant, and one between Dr. Fardan and Mr. Byrd.

was represented by the University of Baltimore Innocence Project. These five documents were prepared *because* he was appealing his wrongful conviction and seeking other post-conviction relief.

The main question is whether Malcolm Bryant, *as a pro se litigant*, can protect from disclosure the work product he and his agent prepared. A plain reading of Rule 26 supports the view that Malcolm Bryant is precisely the type of actor who can. *See* The Work-Product Rule—Matters Protected by the Work-Product Rule, 8 Fed. Prac. & Proc. Civ. § 2024 (3d ed.) ("[T]he literal language of [] Rule [26(b)(3)] protects materials prepared for any litigation or trial as long as they were prepared by or for a party to the subsequent litigation." (quoting *F.T.C. v. Grolier Inc.*, 462 U.S. 19, 25 (1983)); *see also Systemes v. Childress*, 2013 WL 12181774, at *1 (E.D. Mich. Nov. 22, 2013). And while this question "has not been conclusively answered by courts….some district courts within the Fourth Circuit have suggested in dicta that the privilege applies to *pro se* defendants[.]" *In re Sanctuary Belize Litig.*, 2019 WL 6717771, at *5 (D. Md. Dec. 10, 2019); *see Carrier-Tal v. McHugh*, 2016 WL 9185306, at *3 (E.D. Va. Feb. 3, 2016); *Haigh v. Matsushita Elec. Corp. of America*, 676 F. Supp. 1332, 1356, 1359 (E.D. Va. 1987). Other courts have also found that pro se litigants can assert the privilege. *See, e.g.*, *Curry v. HSBC North America Holdings, Inc.*, 2015 WL 12843842, at *5 (M.D. Fla. Sept. 24, 2015); *Moore v. Kingsbrook Jewish Med. Ctr.*, 2012 WL 1078000, at *8 (E.D.N.Y Mar. 30, 2012); *Otto v. Box U.S.A. Group, Inc.*, 177 F.R.D. 698, 699 (N.D. Ga. 1997); *Nielsen v. Soc'y of New York Hosp.*, 1988 WL 100197, at *2 (S.D.N.Y. Sept. 22, 1988).

These five documents, which reveal mental thoughts and impressions, in addition to fact work product, are classic work product the privilege seeks to protect. The fact that Mr. Bryant invoked his "right to proceed pro se…should not forfeit the right…to keep his…research, investigation, and strategies safe from the prying eyes of a litigation adversary[.]" J. Vincent Aprile III, *The Pro Se Litigant and the Work Product Privilege*, 31 Crim. Just. 35, 36 (Fall 2016). The Court should find that Malcolm Bryant is entitled to work product protection over these documents.

### III. Individual Defendants have no "substantial need" for Malcolm Bryant's work product, nor have they articulated what "undue burden" exists.

Individual Defendants have argued that, even if the Court finds that these five documents are privileged work product, they are nonetheless entitled to their production. They are not. Privileged material, excluding mental thoughts and impressions, and legal theories, may be discovered if "the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(ii); *see also Nat'l Union Fire*, 967 F.2d at 983–85 (4th Cir. 1992). But Individual Defendants have not demonstrated—nor can they—"substantial need" for the fact work product in these documents. They have not articulated how any post-conviction documents are relevant to claims related to the police investigation of the 1998 homicide. Mr. Bryant's knowledge of *Brady* material is only relevant from before his conviction, and, in any event, these letters don't reference *Brady* material. And Individual Defendants can't reasonably argue that they "cannot, without undue hardship" obtain "the substantial equivalent" of work product prepared by a jailhouse lawyer and his agent. It is improper for Individual Defendants to piggyback off Mr. Bryant's work product to support their own litigation efforts. *See Nat'l Union Fire*, 967 F.2d at 985 (4th Cir. 1992) ("'[O]ne side should not automatically have the benefit of the detailed preparatory work of the other side.'" (quoting Advisory Committee Notes for the 1970 amendment to Fed. R. Civ. P. 26). The Court should protect Malcolm Bryant's privileged work product and deny Individual Defendants' request to order their production.

Respectfully,

_____/s/_____
Nick Brustin (Pro hac vice)
Anna Benvenutti Hoffmann (Pro hac vice)
Amelia Green (Pro hac vice)
Yasmin Dagne (Pro hac vice)
Neufeld Scheck & Brustin, LLP
99 Hudson Street, 8th Floor
New York, NY 10013
nick@nsbcivilrights.com
anna@nsbcivilrights.com
amelia@nsbcivilrights.com
yasmin@nsbcivilrights.com
T: (212) 965-9081/ F: (212) 965-9084

Jean Zachariasiewicz (Bar No. 19734)
Chelsea J. Crawford (Bar No. 19155)
Anisha Queen (Bar No. 20766)
Brown, Goldstein & Levy, LLP
120 E. Baltimore Street, Suite 1700
Baltimore, Maryland 21201
jmz@browngold.com
ccrawford@browngold.com
aqueen@browngold.com
T: (410) 962-1030/ F: (410) 385-0869

*Attorneys for Plaintiff*