

THERESA L. CONCEPCION
*Partner*

February 1, 2021

**<u>VIA ELECTRONIC FILING ON CM/ECF</u>**

Magistrate Judge Deborah L. Boardman
Edward A. Garmatz Courthouse
101 W. Lombard St., Chambers 3C
Baltimore, MD 21201

    RE:   *Estate of Malcom Bryant v. The Baltimore City Police Department, et al.*,
             19-cv-0384

Dear Magistrate Boardman:

    Plaintiffs' counsel is withholding communications between Malcolm Bryant and an individual named Dorothy Fardan based on an attempted invocation of the work-production doctrine. The relevant documents Plaintiffs identified on their privilege log are:

1. Marked up letter from Malcolm Bryant to Dorothy Fardan re: investigation found in file of post-conviction counsel, dated 11/27/2005
2. Letter from Dorothy Fardan to Reginald Byrd, investigator, re: investigation, dated 12/14/2005
3. Letter from Malcolm Bryant to Dorothy Fardan re: investigation, dated 12/15/2005
4. Marked up letter from Dorothy Fardan to Malcolm Bryant re: investigation found in file of post-conviction counsel, dated 7/15/2006
5. Letter from Malcolm Bryant to Fardan re: investigations, date unknown

    As the party seeking to invoke the work product doctrine, it is Plaintiff's burden to demonstrate that it applies. *Solis v. Food Employers Labor Relations* Ass'n, 644 F.3d 221, 232 (4th Cir. 2011) (affirming order requiring production of documents where invoking party failed to satisfy its initial burden). Upon information and belief, Plaintiffs are asserting that Ms. Fardan worked with Mr. Bryant on some aspect of his criminal case while he was incarcerated. Even if this is true, the work product doctrine does not protect these communications because the doctrine does not apply to pro se communications and, in any event, Mr. Bryant's death qualifies as a "substantial need" justifying the abrogation of the doctrine. Fed.R.Civ.P. 26(b)(3)(A)(ii).

    For starters, Plaintiffs have not established that the communications were even prepared in anticipation of litigation. Indeed, Mr. Bryant was unrepresented at the time and Plaintiffs have not put forth any evidence that Fardan was hired by Mr. Bryant or his family to work on his case. In any event, there is no Fourth Circuit law that would support the seemingly invented notion that the work product doctrine applies in the "pro se" context. Moreover, persuasive guidance from the Ninth Circuit suggests that the work product doctrine is inapplicable in the "pro se" context. In



*Simmons*, plaintiff asserted Section 1983 claims against the state prison where he was being held. *Simmons v. Adams*, 2013 WL 2995274 (E.D. Cal. June 14, 2013). The defendants sought to compel answers to interrogatories identifying the names of witnesses supporting plaintiff's claims. *Id*. at *2. In refusing to answer the interrogatories, plaintiff objected on the basis of "*pro se* work-product" protection. *Id*. The district court held that there is "no such thing as 'pro se plaintiff work-product,' and while there exists a work-product doctrine . . . the doctrine would not apply to shield this information, which concerns very basic facts relevant to Plaintiff's claim." *Id*. (*quoting U.S. v. Richey*, 632 F.3d 559, 567-68 (9th Cir. 2011)). As in *Simmons*, this case is brought pursuant to Section 1983 and Plaintiffs are withholding documents relevant to their claims. Thus, Individual Defendants submit that this Court find that the communications at issue are not protected by the work-product doctrine and should be produced.

Even if the work product doctrine applied in the "pro se" context, any protection belonged to Mr. Bryant, who is deceased. See *Hickman v. Taylor*, 329 U.S. 495, 509-14 (distinct from the attorney-client privilege, the work product doctrine belongs to the attorney). Moreover, the fact that Mr. Bryant is deceased creates a "substantial need" for his communications because he is no longer available to testify about the facts and communications contained in the documents. See *Sanford v. Virginia*, No. CIV. A. 3:08CV835, 2009 WL 2947377, at *4 (E.D. Va. Sept. 14, 2009) (decedent's unavailability in medical malpractice action constituted substantial need justifying disclosure of attorney work product documenting witness interview). Alternatively, the Individual Defendants request that the Court conduct an *in camera* review of the disputed documents to determine whether they are protected. If the Court finds the individual documents protected, Individual Defendants request supplemental descriptions of the documents in order to fully brief the issue of whether there is a "substantial need" for those communications.

Sincerely,

*/s/Theresa L. Concepcion*
Theresa L. Concepcion, Bar No. 21143
Avi T. Kamionski, Bar No. 20703
Shneur Nathan, Bar No. 20707
Matthew J. Mc Carter, Bar No. 21032
NATHAN & KAMIONSKI LLP
575 S. Charles St., Suite 402
Baltimore, MD 21201
*Attorneys for Defendants William Ritz and Barry Verger*