**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| **CHAMBERS OF** | **101 WEST LOMBARD STREET** |
| **DEBORAH L. BOARDMAN** | **BALTIMORE, MARYLAND 21201** |
| **UNITED STATES MAGISTRATE JUDGE** | **(410) 962-7810** |
| | **(410) 962-2577 FAX** |
| | **MDD_DLBChambers@mdd.uscourts.gov** |

February 19, 2021

RE: *Estate of Malcolm Bryant v. Baltimore Police Department*
    ELH-19-384

**LETTER ORDER**

Dear Counsel,

   The parties and counsel for witness Lauren Lipscomb have filed letters regarding their disagreement about the length of Ms. Lipscomb's deposition. ECF 147–49. The parties ask the Court to permit a seven-hour deposition, in which they each could question Ms. Lipman for 3.5 hours. Plaintiffs argue that "Ms. Lipscomb is a key witness" who "serves as the Chief of the Conviction Integrity Unit for the State's Attorney for Baltimore City (CIU) and oversaw the 2016 CIU reinvestigation of Toni Bullock's murder, which resulted in the State's Attorney finding Malcolm Bryant actually innocent and agreeing to vacatur of his conviction." Pls.' Ltr. 1. They insist they need the full seven hours to question Ms. Lipscomb about the interviews of Tyeisha Powell and other witnesses that she conducted as part of the 2016 reinvestigation, as well as about the State's Attorney's production of the trial file. *Id.* at 2. Ms. Lipscomb argues that no more than 3.5 hours are necessary to question her about non-privileged, relevant matters and that any longer deposition would be unduly burdensome in light of the hours Ms. Lipscomb has already spent responding to discovery requests in this case to which she is not a party.

   Rule 30 limits a deposition to "one day of 7 hours," unless the parties stipulate otherwise or the Court orders otherwise. Fed. R. Civ. P. 30(d)(1). Rule 26 permits the Court to "alter the limits in these rules . . . on the length of depositions under Rule 30," and Rule 26 permits the Court "for good cause, [to] issue an order to protect a party or person from undue burden." Fed. R. Civ. P. 26(b)(2)(A), (c)(1). Having reviewed the parties' filings, I do not find that Ms. Lipscomb has established good cause for limiting her deposition to 3.5 hours. Additionally, given the unique knowledge Ms. Lipscomb has about the reinvestigation and both parties' need to depose her, I find that the seven hours allowed under the rules are appropriate.

Although informal, this is an Order of the Court and shall be docketed as such.

Sincerely,

/S/
Deborah L. Boardman
United States Magistrate Judge

cc: Wendy Shiff
    Counsel for Lauren Lipscomb