**NATHAN & KAMIONSKI LLP**

Avi Kamionski
*Partner*
akamionski@nklawllp.com
(312) 612-1928

March 22, 2021

**VIA ELECTRONIC FILING ON CM/ECF**
Hon. Deborah L. Boardman
Edward A. Garmatz Courthouse
101 W. Lombard St., Chambers 3C
Baltimore, MD 21201

RE:   ***Estate of Malcolm Bryant v. Baltimore City Police Department, et al.,***
Case No. 1:19-cv-00384-ELH: Defendant's Position Paper on
Pending Depositions and the Extension of Fact Discovery.

Dear Judge Boardman:

It is beyond legitimate dispute that additional time for discovery is needed. On March 11, 2021, Plaintiff disclosed 24 additional witnesses, on top of the 39 witnesses previously disclosed, bringing Plaintiff's witness list to 63.[1] In disclosing these new witnesses, Plaintiff's disclosure cautions that "*discovery in this case is in its early stages*." (*See* Pl. 2nd Am. Resp. & Obj. to Def. Ritz's 1st Set of Interrogatories at p. 2, attached as Exhibit 1). Indeed, as described in the "Bald Sketch" section below, serious questions have arisen regarding the integrity of the criminal defense file (over 4000 pages) which Plaintiff produced in this litigation. This resulted in Plaintiff rescanning the entire criminal defense file from the University of Baltimore Law School ("UB File") on March 15, 2021. As of this writing, Plaintiff's counsel has not even produced the rescanned criminal defense file as they are still conducting a privilege review. Given that Plaintiff's *Brady* claim hinges on whether evidence was disclosed before the criminal trial, Individual Defendants need to review the criminal defense file (all 4000 pages) prior to taking certain depositions, such as Michelle Nethercott, UB law students, prosecutors, and certain other witnesses.

The parties are still conducting discovery into critical topic areas, such as: (1) the Baltimore City State's Attorney's Office ("SAO") post-conviction investigation; (2) the Baltimore Event Review Team ("BERT") Investigation, which Plaintiff references in his Complaint; (3) the DNA testing; (4) Plaintiff's alleged alibi; and (5) damages. Plaintiff's assertion that Individual Defendants have been less than fully diligent in pursing discovery is patently false. The deposition of ASA Lauren Lipscomb is scheduled for April 27, 2021 and Individual Defendants are coordinating a date for the deposition of ASA Sharon Holback with her counsel. As noted, it is important for Plaintiff to produce the rescanned criminal defense file (over 4000 pages) before the SAO depositions take place. The same is true for the depositions of John Hollway and Brian Murray, who were involved with the BERT Investigation. In addition, Individual Defendants are seeking discovery and depositions from BODE, the lab which did the DNA testing that led to Malcom Bryant's release from prison. Similarly, given the allegations against Crime Lab Analyst Barry Verger, the parties are seeking multiple depositions regarding testing protocols from BPD & the Maryland State Police.

---

[1] The Estate of Malcom Bryant is represented in this case by Lamar Estep and Malique Bryant. For the sake of simplicity, Defendants refer to the estate and its representative plaintiffs as "Plaintiff."

**"Bald Sketch" and Malcom Bryant's Criminal File Investigation**

Plaintiff was convicted after the surviving victim, Tyeisha Powell, identified him—a man with bushy hair—from a photo array. This identification was preceded by BPD creating a composite sketch of a man with bushy hair based on information Ms. Powell provided Detective John Brown, a homicide detective trained in electronic facial identification technique. In the Complaint, Plaintiff claims that, in violation of *Brady*, BPD created and withheld a second composite sketch where the suspect was bald (the "bald sketch"). More specifically, Plaintiff claims he first discovered this "bald sketch" when BPD purportedly produced it as part of a response to his MPIA request in 2006 or 2007. (*See* Pl.'s 10/21/2020 Resp. to Individual Defs.' Second Request For Production ¶1, attached as Exhibit 2). Prison calls between Malcom Bryant and his mother, Annie Burrell Bryant, suggest Bryant first discovered the "bald sketch" in 2013. In any event, Defendants deny that any "bald sketch" ever existed and have a good faith basis to believe the "bald sketch" may have been fabricated. Discovery into this critical issue is ongoing, and Plaintiff should not be permitted to cut off Defendants' discovery by running out the clock.

The substantial likelihood that the "bald sketch" is a fabricated and fraudulent document generated to take on the guise of legitimate *Brady* evidence is multifaceted. First, the "bald sketch" is suspicious on its face because the head is misshapen, appears to have remnants of the hairline from the composite sketch with the bushy hair, and does not appear to be the product of a computer program. Second, as laid out in the Bald Sketch Evolution Demonstrative attached as Exhibit 3, the "bald sketch" has identical hand-written underlines under the words "he fled the scene in an unknown direction" as does the composite (with hair) located in Larry Roger's criminal defense file. This strongly suggests that the "bald sketch" was created from the underlined version of the genuine composite sketch which existed in the criminal defense file of attorney Larry Rogers as it was scanned by Plaintiff in 2016 and produced in this litigation. Exhibit 3 shows the evolution of this "bald sketch" from BPD → SAO → Rogers → Nethercott → Alleged "BPD MPIA Response". The "BPD MPIA" bate stamp on the "bald sketch" was affixed by Plaintiff. (*See* Email from Pl.'s Counsel, attached as Exhibit 4).

The deposition of Michelle Nethercott, Plaintiff's attorney from UB, took place on February 4, 2021. Prior to Ms. Nethercott's deposition, on January 29, 2021, Defendants requested an in-person inspection of the Rogers file, which was located at UB. Plaintiff objected, citing logistical and Covid-19 restrictions that supposedly made entry into UB to inspect the file impossible. Plaintiff also resisted Defendants' file inspection request saying, "[T]he paper file was entirely scanned and provided to us years ago in electronic format. . .". (*See* Email from Pl.'s Counsel, attached as Exhibit 5). Regardless, Defendants questioned Ms. Nethercott at her deposition on February 4, 2021 regarding how the "bald sketch" likely appeared to have been created from the underlined version of the legitimate sketch located in the Rogers file. Ms. Nethercott had no explanation for this at her deposition but doubled down by testifying that she received the "bald sketch" in response to an MPIA request made to BPD in 2006.

After Ms. Nethercott's deposition, Plaintiff reversed course and agreed to facilitate an inspection of the UB file (which includes the Rogers file) on February 11, 2021. Given the size of the file, the inspection occurred over two days. On day 1, the physical inspection revealed that the critical document— the underlined version of the sketch from the Rogers file as documented by the 2016 scan — was nowhere to be found. Moreover, this critical document appears to have been replaced with a version that is not underlined.[2]

---

[2] It also appears that someone placed a new underlined version of the "bald sketch" into a group of documents that Plaintiff is claiming he received from BPD even though this document did not exist in this set of documents as it was previously scanned and produced by Plaintiff in 2020.

**Ongoing Discovery Regarding Whether Plaintiff Fabricated the "Bald Sketch"**

Defendants are seeking to determine how the most critical document in the Rogers file—the underlined version of the composite sketch—*disappeared* after Defendants questioned Ms. Nethercott about it on February 4, 2021. More fundamentally, Defendants are seeking to determine whether Plaintiff or his agents are responsible for fabricating the "bald sketch" in the hope of convincing a finder of fact that it was an improperly withheld *Brady* document. On February 18, 2021, Individual Defendants issued a subpoena to UB seeking records identifying who accessed the Bryant file at UB since it was produced and the dates on which it was accessed. On February 22, 2021, Plaintiff's counsel attempted to halt this inquiry by saying "[W]e do not intend to affirmatively use the so-called "bald composite" in this litigation" anymore. (*See* Email from Plaintiff attached as Exhibit 6).[3] The parties are engaged in ongoing discovery with UB regarding who accessed its Bryant file and when. This includes a follow up deposition of Ms. Nethercott as UB's corporate designee regarding the UB file's chain of custody (scheduled for March 29, 2021) and a record subpoena issued by Individual Defendants to UB regarding these same issues. Plaintiff's failure to produce a complete re scan of Nethercott's file is further delaying certain critical depositions such as, ASA Lipscomb, ASA Holback, and attorneys Holloway and Murray.

**Barry Verger Deposition Scheduling**

Plaintiff's attempt to run the clock on discovery in order to prevent Defendants from getting to the bottom of the "bald sketch" issue is the real reason why Plaintiff will not agree to a mutually available date for a routine party deposition. Defendant Verger's deposition was scheduled for March 16, 2021. Due to a personal matter the week of March 15 and the Passover holiday at the end of March, Mr. Kamionski was unable to travel to Baltimore and sought to reschedule the Verger deposition to the week of April 5 or 12. As a party, Mr. Verger is entitled to have his attorney present to meet with him in person and prepare for his deposition. Plaintiff offered to take Verger's deposition the week of April 12, however BPD is unavailable the week of April 5 or 12 and offered the week of April 19 instead. Plaintiff refuses to agree to the week of April 19 because of the current fact and expert discovery deadlines, despite the fact that a deposition for this case is scheduled for that week already. To avoid this problem, Defendants agreed to extend Plaintiff the additional time necessary for his expert to review Verger's deposition and draft a report. It would be highly prejudicial to Defendant BPD not to be able to attend the crucial deposition of an individual defendant in this case and lodge appropriate objections. For the foregoing reasons, fact discovery in this matter should be extended in the interests of justice for ninety (90) days.

BPD Defendant joins in the sentiments of this letter and will address additional arguments under a separate letter.

---

[3] Despite Plaintiff's representation that they will not rely on the "bald sketch", just last week, on March 17, 2021, Plaintiff took the deposition of Detective John Brown who created the original composite and suggested Mr. Brown created additional composites that were not provided to Mr. Bryant. Moreover, even if Plaintiff were to abandon the *Brady* claim as it relates to the "bald sketch", the authenticity of ALL the police reports which Ms. Nethercott claims she received in response to her MPIA request to BPD are in question. More importantly, Plaintiff cannot magically brush away a potentially serious allegation regarding the fabrication of a document in this litigation by simply agreeing to no longer wield it as a sword. "A malefactor, caught red-handed, cannot simply walk away from a case, pay a new docket fee, and begin afresh. History is not so glibly to be erased. Once a litigant chooses to practice fraud, that misconduct infects his cause of action, in whatever guise it may subsequently appear." *Tony DeWitt v. William Ritz, et al.*, No. CV DKC 18-3202, 2021 WL 915146, at *5 (D. Md. Mar. 10, 2021) (citations omitted) (dismissing a 13 year reverse conviction lawsuit, in part, because of a fabricated police report).

Respectfully Submitted,

/s/
Avi T. Kamionski, Bar No. 20703
Shneur Z. Nathan, Bar No. 20707
Theresa L. Concepcion, Bar No. 21143
Matthew J. Mc Carter, Bar No. 21032
Jasmine R. England-Caesar, Bar No. 21515
NATHAN & KAMIONSKI, LLP
575 S. Charles St., Suite 402
Baltimore, MD 21201
*Attorneys for Defs. Ritz and Verger*

/s/
Natalie R. Amato (20749)
Kyle A. Ashe (21551)
*Assistant Solicitors*
Kara K. Lynch (29351)
Justin S. Conroy (28480)
*Chief Solicitors*
Baltimore City Department of Law
Office of Legal Affairs
100 N. Holliday Street, Suite 101
Baltimore, MD 21202
410-396-2496 (telephone)
410-396-2126 (facsimile)
kara.lynch@baltimorepolice.org
justin.conroy@baltimorepolice.org
natalie.amato@baltimorecity.gov
kyle.ashe@baltimorepolice.org
*Attorneys for Def. BPD*