**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
(Northern Division)

| | |
|---|---|
| THE ESTATE OF MALCOLM J. BRYANT, | |
| Plaintiff, | |
| v. | Civil Action No. ELH-19-00384 |
| BALTIMORE POLICE DEPARTMENT, *et al.*, | |
| Defendants. | |

**PLAINTIFF'S RESPONSE TO INDIVIDUAL DEFENDANTS' SECOND REQUEST
FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and Local Rule 104(6), Plaintiff the Estate of Malcolm J. Bryant, through the undersigned counsel of record, objects and responds to the Second Request for Production of Documents from Individual Defendants William F. Ritz and Barry Verger, dated September 21, 2020, as follows:

**PRELIMINARY STATEMENT**

Plaintiff's investigation and development of all facts and circumstances relating to this action is ongoing. Pursuant to Federal Rule of Civil Procedure 26(e), Plaintiff will supplement these responses as appropriate. These responses and objections are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.

By making the accompanying responses and these objections to Defendants' requests for production, Plaintiff does not waive, and hereby expressly reserves, its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy,

1

materiality, and privilege.

Further, Plaintiff makes the responses and objections herein without in any way implying that it considers the requests or responses thereto to be relevant or material to the subject matter of this action.

Plaintiff will produce responsive documents only to the extent that such documents are in the possession, custody, or control of Plaintiff, as set forth in the Federal Rules of Civil Procedure. Plaintiff's possession, custody, or control does not include any constructive possession that may be conferred by Plaintiff's right or ability to compel the production of documents from third parties.

Plaintiff expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

<u>**OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**</u>

1.      Produce and identify by Bates number range the documents which Malcom Bryant or his representative allegedly received in response to a Maryland Public Information Act Request referenced in the Petition for Writ of Actual Innocence and Request for Hearing produced in this litigation by the Quattrone Center and identified by Bates numbers Nether000601-Nether000622.

**RESPONSE:** Plaintiff objects to this request as improper to the extent the request is based on a document—identified by Bates numbers Nether000601-Nether000622—that Plaintiff identified as a privileged draft that was inadvertently produced and which has been clawed back. Specifically, on September 22, 2020, and on October 9, 2020, Plaintiff clawed back this document from the Quattrone Center, to which this document was inadvertently

produced, and which thereafter produced the document to the Parties, including Defendants. Under Federal Rule of Civil Procedure 26(b)(5)(B), Defendants may not use this inadvertently produced information; if they wish to dispute Plaintiff's clawback or assertion of privilege they must present the dispute to the Court.

Plaintiff further objects to this request as vague, ambiguous, overbroad, and unduly burdensome. Plaintiff therefore construes this request to seek the documents the University of Baltimore Innocence Project (UBIP) obtained from the Baltimore Police Department (BPD) in response to a Maryland Public Information Act (MPIA) request for all records contained in the BPD's homicide files relating to the death of Toni Bullock. Plaintiff further objects to this request as unduly burdensome insofar as—to the extent the request seeks documents produced by the BPD to the UBIP in response to this MPIA request—these documents are within the possession, custody, or control of Defendants, including specifically the BPD. Further, it is Plaintiff's understanding that all of these documents have been produced by Plaintiff in this litigation to date. However, for ease of reference, subject to the foregoing objections, and reserving the right to supplement/amend this response, Plaintiff reproduces Plaintiff's understanding of the full BPD response to the UBIP's MPIA request for all records contained in the BPD's homicide files relating to the death of Toni Bullock under the following consecutively Bates numbered format: BPD MPIA000001– 001034.

2.     Produce and identify by Bates number range each and every document which supports the assertion in the Petition for Writ of Actual Innocence and Request for Hearing produced in this litigation by the Quattrone Center and identified by Bates numbers Nether000601-Nether000622 that "The State did not provide defense trial counsel with two

documents that show that the witness produced multiple composite drawings."

     **RESPONSE**: Plaintiff objects to this request as improper to the extent the request is based on a document—identified by Bates numbers Nether000601-Nether000622—that Plaintiff identified as a privileged draft that was inadvertently produced and which has been clawed back. Specifically, on September 22, 2020, and on October 9, 2020, Plaintiff clawed back this document from the Quattrone Center, to which this document was inadvertently produced, and which thereafter produced the document to the Parties, including Defendants. Under Federal Rule of Civil Procedure 26(b)(5)(B), Defendants may not use this inadvertently produced information; if they wish to dispute Plaintiff's clawback or assertion of privilege they must present the dispute to the Court.

     Plaintiff objects to this request as vague, ambiguous, overbroad, and unduly burdensome in that it asks Plaintiff to identify "each and every" document in support of the assertion. Plaintiff further objects to this request to the extent that it calls for the production of information and documents that are protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other applicable privilege or protection, including without limitation privileged documents created by Plaintiff's counsel, experts, and investigators for and in anticipation of this civil litigation.

     Plaintiff therefore construes this request to seek non-privileged documents from Malcolm Bryant's hard copy case file from the University of Baltimore Innocence Project (UBIP). Plaintiff further objects to this request as unduly burdensome as we have produced the entirety of the non-privileged UBIP hard copy case file, and we have identified all documents withheld as privileged from within the UBIP hard copy case file on a detailed privileged log. Plaintiff directs Defendants to the documents Plaintiff has previously produced in discovery to date and the

documents produced contemporaneously with this response, including Bryant NSB 008845–008846. With respect to non-privileged documents from Malcolm Bryant's hard copy case file from UBIP, there are no additional documents to produce.

To the extent Defendants are seeking a contention interrogatory (ROG) response via a request for production, this request is improper because: (1) it seeks to evade numeric limitations on interrogatories under Federal Rule of Civil Produce 33(a)(1), given that Defendants, as of May 8, 2020, had already propounded nineteen out of the 25 permitted interrogatories; (2) this request is an improper contention ROG because it seeks the potential contentions of prior counsel, not current counsel in this litigation, asserted in a draft document never filed; and (3) contention interrogatories are premature at this stage of litigation, *see Par Pharmaceutical, Inc. v. Twi Pharmaceuticals, Inc.*, No. CCB-11- 2466, 2012 WL 12548935, at *1 (D. Md. Oct. 4, 2012) ("[T]here is no disputing that contention interrogatories are often more burdensome than those simply calling for recitation of facts, and frequently they are deferred until after discovery is finished, or nearly so[.]"); *BB&T Corp. v. United States*, 233 F.R.D. 447, 450 (M.D.N.C. 2006) ("[C]ontention interrogatories should normally be conducted at the end of discovery."); *Taggart v. Damon Motor Coach*, No. 5:05-CV-00191, 2007 WL 152101, at *8 (N.D.W. Va. Jan. 17, 2007); *see also* D.E. 105.

3.      Produce and identify by Bates number range each and every document which supports the assertion in the Petition for Writ of Actual Innocence and Request for Hearing produced in this litigation by the Quattrone Center and identified by Bates numbers. Nether000601-Nether000622 that there was a "alternate undisclosed composite [which] look similar to Rich".

**RESPONSE:** Plaintiff objects to this request as improper to the extent the request

is based on a document—identified by Bates numbers Nether000601-Nether000622—that Plaintiff identified as a privileged draft that was inadvertently produced and which has been clawed back. Specifically, on September 22, 2020, and on October 9, 2020, Plaintiff clawed back this document from the Quattrone Center, to which this document was inadvertently produced, and which thereafter produced the document to the Parties, including Defendants. Under Federal Rule of Civil Procedure 26(b)(5)(B), Defendants may not use this inadvertently produced information; if they wish to dispute Plaintiff's clawback or assertion of privilege they must present the dispute to the Court.

Plaintiff objects to this request as vague, ambiguous, overbroad, and unduly burdensome in that it asks Plaintiff to identify "each and every" document in support of the assertion. Plaintiff further objects to this request to the extent that it calls for the production of information and documents that are protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other applicable privilege or protection, including without limitation privileged documents created by Plaintiff's counsel, experts, and investigators for and in anticipation of this civil litigation.

Plaintiff therefore construes this request to seek non-privileged documents from Malcolm Bryant's hard copy case file from the University of Baltimore Innocence Project (UBIP). Plaintiff further objects to this request as unduly burdensome as we have produced the entirety of the non-privileged UBIP hard copy case file, and we have identified all documents withheld as privileged from within the UBIP hard copy case file on a detailed privileged log. Plaintiff directs Defendants to the documents Plaintiff has previously produced in discovery to date and the documents produced contemporaneously with this response, including Bryant NSB 008845–008846. With respect to non-privileged documents from Malcolm Bryant's hard copy case file

from UBIP, there are no additional documents to produce.

To the extent Defendants are seeking a contention interrogatory (ROG) response via a request for production, this request is improper because: (1) it seeks to evade numeric limitations on interrogatories under Federal Rule of Civil Produce 33(a)(1), given that Defendants, as of May 8, 2020, had already propounded nineteen out of the 25 permitted interrogatories; (2) this request is an improper contention ROG because it seeks the potential contentions of prior counsel, not current counsel in this litigation, asserted in a draft document never filed; and (3) contention interrogatories are premature at this stage of litigation, *see Par Pharmaceutical, Inc. v. Twi Pharmaceuticals, Inc.*, No. CCB-11- 2466, 2012 WL 12548935, at *1 (D. Md. Oct. 4, 2012) ("[T]here is no disputing that contention interrogatories are often more burdensome than those simply calling for recitation of facts, and frequently they are deferred until after discovery is finished, or nearly so[.]"); *BB&T Corp. v. United States*, 233 F.R.D. 447, 450 (M.D.N.C. 2006) ("[C]ontention interrogatories should normally be conducted at the end of discovery."); *Taggart v. Damon Motor Coach*, No. 5:05-CV-00191, 2007 WL 152101, at *8 (N.D.W. Va. Jan. 17, 2007); *see also* D.E. 105.

4.      Produce and identify by Bates number range each and every document which supports the assertion in the Petition for Writ of Actual Innocence and Request for Hearing produced in this litigation by the Quattrone Center and identified by Bates numbers Nether000601-Nether000622 that "an anonymous tip to Metro Crime Stoppers indicating that 'Bo Peep (Riche's alias) looked like the composite was 26 years old, lived in the vicinity of the crime scene, and was known to carry a knife like the one used in the murder" was withheld from Malcom Bryant.

**RESPONSE:** Plaintiff objects to this request as improper to the extent the request

is based on a document—identified by Bates numbers Nether000601-Nether000622—that

Plaintiff identified as a privileged draft that was inadvertently produced and which has been

clawed back. Specifically, on September 22, 2020, and on October 9, 2020, Plaintiff clawed

back this document from the Quattrone Center, to which this document was inadvertently

produced, and which thereafter produced the document to the Parties, including Defendants.

Under Federal Rule of Civil Procedure 26(b)(5)(B), Defendants may not use this

inadvertently produced information; if they wish to dispute Plaintiff's clawback or assertion

of privilege they must present the dispute to the Court.

Plaintiff objects to this request as vague, ambiguous, overbroad, and unduly burdensome

in that it asks Plaintiff to identify "each and every" document in support of the assertion. Plaintiff

further objects to this request to the extent that it calls for the production of information and

documents that are protected from disclosure by the attorney-client privilege, the work-product

doctrine, and/or other applicable privilege or protection, including without limitation privileged

documents created by Plaintiff's counsel, experts, and investigators for and in anticipation of this

civil litigation.

Plaintiff therefore construes this request to seek non-privileged documents from Malcolm

Bryant's hard copy case file from the University of Baltimore Innocence Project (UBIP).

Plaintiff further objects to this request as unduly burdensome as we have produced the entirety of

the non-privileged UBIP hard copy case file, and we have identified all documents withheld as

privileged from within the UBIP hard copy case file on a detailed privileged log. Plaintiff directs

Defendants to the documents Plaintiff has previously produced in discovery to date and the

documents produced contemporaneously with this response, including Bryant NSB 008845–

008846. With respect to non-privileged documents from Malcolm Bryant's hard copy case file

from UBIP, there are no additional documents to produce.

To the extent Defendants are seeking a contention interrogatory (ROG) response via a request for production, this request is improper because: (1) it seeks to evade numeric limitations on interrogatories under Federal Rule of Civil Produce 33(a)(1), given that Defendants, as of May 8, 2020, had already propounded nineteen out of the 25 permitted interrogatories; (2) this request is an improper contention ROG because it seeks the potential contentions of prior counsel, not current counsel in this litigation, asserted in a draft document never filed; and (3) contention interrogatories are premature at this stage of litigation, *see Par Pharmaceutical, Inc. v. Twi Pharmaceuticals, Inc.*, No. CCB-11- 2466, 2012 WL 12548935, at *1 (D. Md. Oct. 4, 2012) ("[T]here is no disputing that contention interrogatories are often more burdensome than those simply calling for recitation of facts, and frequently they are deferred until after discovery is finished, or nearly so[.]"); *BB&T Corp. v. United States*, 233 F.R.D. 447, 450 (M.D.N.C. 2006) ("[C]ontention interrogatories should normally be conducted at the end of discovery."); *Taggart v. Damon Motor Coach*, No. 5:05-CV-00191, 2007 WL 152101, at *8 (N.D.W. Va. Jan. 17, 2007); *see also* D.E. 105.

5.     Produce and identify by Bates number range each and every document which supports the assertion in the Petition for Writ of Actual Innocence and Request for Hearing produced in this litigation by the Quattrone Center and identified by Bates numbers Nether000601-Nether000622 that "handwritten notes from a December 29, 1998, police encounter with Renaldo Ritch's father, Richardo Ritch, Sr." was withheld from Malcom Bryant.

**RESPONSE:** Plaintiff objects to this request as improper to the extent the request is based on a document—identified by Bates numbers Nether000601-Nether000622—that

Plaintiff identified as a privileged draft that was inadvertently produced and which has been

clawed back. Specifically, on September 22, 2020, and on October 9, 2020, Plaintiff clawed

back this document from the Quattrone Center, to which this document was inadvertently

produced, and which thereafter produced the document to the Parties, including Defendants.

Under Federal Rule of Civil Procedure 26(b)(5)(B), Defendants may not use this

inadvertently produced information; if they wish to dispute Plaintiff's clawback or assertion

of privilege they must present the dispute to the Court.

Plaintiff objects to this request as vague, ambiguous, overbroad, and unduly burdensome

in that it asks Plaintiff to identify "each and every" document in support of the assertion. Plaintiff

further objects to this request to the extent that it calls for the production of information and

documents that are protected from disclosure by the attorney-client privilege, the work-product

doctrine, and/or other applicable privilege or protection, including without limitation privileged

documents created by Plaintiff's counsel, experts, and investigators for and in anticipation of this

civil litigation.

Plaintiff therefore construes this request to seek non-privileged documents from Malcolm

Bryant's hard copy case file from the University of Baltimore Innocence Project (UBIP).

Plaintiff further objects to this request as unduly burdensome as we have produced the entirety of

the non-privileged UBIP hard copy case file, and we have identified all documents withheld as

privileged from within the UBIP hard copy case file on a detailed privileged log. Plaintiff directs

Defendants to the documents Plaintiff has previously produced in discovery to date and the

documents produced contemporaneously with this response, including Bryant NSB 008845–

008846. With respect to non-privileged documents from Malcolm Bryant's hard copy case file

from UBIP, there are no additional documents to produce.

To the extent Defendants are seeking a contention interrogatory (ROG) response via a request for production, this request is improper because: (1) it seeks to evade numeric limitations on interrogatories under Federal Rule of Civil Produce 33(a)(1), given that Defendants, as of May 8, 2020, had already propounded nineteen out of the 25 permitted interrogatories; (2) this request is an improper contention ROG because it seeks the potential contentions of prior counsel, not current counsel in this litigation, asserted in a draft document never filed; and (3) contention interrogatories are premature at this stage of litigation, *see Par Pharmaceutical, Inc. v. Twi Pharmaceuticals, Inc.*, No. CCB-11- 2466, 2012 WL 12548935, at *1 (D. Md. Oct. 4, 2012) ("[T]here is no disputing that contention interrogatories are often more burdensome than those simply calling for recitation of facts, and frequently they are deferred until after discovery is finished, or nearly so[.]"); *BB&T Corp. v. United States*, 233 F.R.D. 447, 450 (M.D.N.C. 2006) ("[C]ontention interrogatories should normally be conducted at the end of discovery."); *Taggart v. Damon Motor Coach*, No. 5:05-CV-00191, 2007 WL 152101, at *8 (N.D.W. Va. Jan. 17, 2007); *see also* D.E. 105.

6.   Produce and identify by Bates number range each and every document which supports the assertion in the Petition for Writ of Actual Innocence and Request for Hearing produced in this litigation by the Quattrone Center and identified by Bates numbers Nether000601-Nether000622 that "a 1996 booking photograph of Rich, showing hair growth on his head, matching the eyewitness's description of the short bushy hair worn by the suspect" was withheld from Malcom Bryant.

**RESPONSE:** Plaintiff objects to this request as improper to the extent the request is based on a document—identified by Bates numbers Nether000601-Nether000622—that Plaintiff identified as a privileged draft that was inadvertently produced and which has been

clawed back. Specifically, on September 22, 2020, and on October 9, 2020, Plaintiff clawed

back this document from the Quattrone Center, to which this document was inadvertently

produced, and which thereafter produced the document to the Parties, including Defendants.

Under Federal Rule of Civil Procedure 26(b)(5)(B), Defendants may not use this

inadvertently produced information; if they wish to dispute Plaintiff's clawback or assertion

of privilege they must present the dispute to the Court.

      Plaintiff objects to this request as vague, ambiguous, overbroad, and unduly burdensome

in that it asks Plaintiff to identify "each and every" document in support of the assertion. Plaintiff

further objects to this request to the extent that it calls for the production of information and

documents that are protected from disclosure by the attorney-client privilege, the work-product

doctrine, and/or other applicable privilege or protection, including without limitation privileged

documents created by Plaintiff's counsel, experts, and investigators for and in anticipation of this

civil litigation.

      Plaintiff therefore construes this request to seek non-privileged documents from Malcolm

Bryant's hard copy case file from the University of Baltimore Innocence Project (UBIP).

Plaintiff further objects to this request as unduly burdensome as we have produced the entirety of

the non-privileged UBIP hard copy case file, and we have identified all documents withheld as

privileged from within the UBIP hard copy case file on a detailed privileged log. Plaintiff directs

Defendants to the documents Plaintiff has previously produced in discovery to date and the

documents produced contemporaneously with this response, including Bryant NSB 008845–

008846. With respect to non-privileged documents from Malcolm Bryant's hard copy case file

from UBIP, there are no additional documents to produce.

      To the extent Defendants are seeking a contention interrogatory (ROG) response

12

via a request for production, this request is improper because: (1) it seeks to evade numeric

limitations on interrogatories under Federal Rule of Civil Produce 33(a)(1), given that

Defendants, as of May 8, 2020, had already propounded nineteen out of the 25 permitted

interrogatories; (2) this request is an improper contention ROG because it seeks the potential

contentions of prior counsel, not current counsel in this litigation, asserted in a draft

document never filed; and (3) contention interrogatories are premature at this stage of

litigation, *see Par Pharmaceutical, Inc. v. Twi Pharmaceuticals, Inc.*, No. CCB-11- 2466,

2012 WL 12548935, at *1 (D. Md. Oct. 4, 2012) ("[T]here is no disputing that contention

interrogatories are often more burdensome than those simply calling for recitation of facts,

and frequently they are deferred until after discovery is finished, or nearly so[.]"); *BB&T*

*Corp. v. United States*, 233 F.R.D. 447, 450 (M.D.N.C. 2006) ("[C]ontention interrogatories

should normally be conducted at the end of discovery."); *Taggart v. Damon Motor Coach*,

No. 5:05-CV-00191, 2007 WL 152101, at *8 (N.D.W. Va. Jan. 17, 2007); *see also* D.E. 105.

      7.     Produce and identify by Bates number each and every document which

establishes how Malcom Bryant or his representatives obtained the documents identified in

requests numbered 1 through 7 above.

      **RESPONSE:** Plaintiff objects to this request as overbroad and unduly burdensome

in that it asks Plaintiff to identify "each and every" document in support of the assertion.

      Plaintiff objects to this request as improper to the extent the request is based on a

document—identified by Bates numbers Nether000601-Nether000622—that Plaintiff

identified as a privileged draft that was inadvertently produced and which has been clawed

back. Specifically, on September 22, 2020, and on October 9, 2020, Plaintiff clawed back

this document from the Quattrone Center, to which this document was inadvertently

produced, and which thereafter produced the document to the Parties, including Defendants.

Under Federal Rule of Civil Procedure 26(b)(5)(B), Defendants may not use this

inadvertently produced information; if they wish to dispute Plaintiff's clawback or assertion

of privilege they must present the dispute to the Court.

Plaintiff further objects to this request to the extent that it seeks documents which

are within the possession, custody, or control of Defendants. In particular, the BPD—both as

the custodian of all records contained in the BPD's homicide files relating to the death of

Toni Bullock, and as the entity to which an MPIA request for those records is directed—

should be in possession of all documents related to such an MPIA request, *see, e.g.*, Bryant

BPD 000338, including documents that may be within the exclusive possession, custody, or

control of the BPD.

Plaintiff further objects to this request as vague, ambiguous, overbroad, and unduly

burdensome, including with respect to the terms "Malcolm Bryant and his representatives."

Plaintiff therefore construes "Malcolm Bryant and his representatives" to refer to Malcolm

Bryant and those individuals who represented Malcolm Bryant during trial, appeal, and/or

post-conviction proceedings in the criminal action *State of Maryland v. Malcolm Bryant*,

Indictment Numbers 199008011, 199008012, and 199008013. Plaintiff further objects to this

request as vague, ambiguous, overbroad, and unduly burdensome in that it asks Plaintiff to

identify "each and every" document in support of the assertion. Plaintiff further objects to

this request to the extent that it calls for the production of information and documents that

are protected from disclosure by the attorney-client privilege, the work-product doctrine,

and/or other applicable privilege or protection, including without limitation privileged

documents created by Plaintiff's counsel, experts, and investigators for and in anticipation of

this civil litigation.

Plaintiff therefore construes this request to seek non-privileged documents from Malcolm Bryant's hard copy case file from the University of Baltimore Innocence Project (UBIP). Plaintiff further objects to this request as unduly burdensome as we have produced the entirety of the non-privileged UBIP hard copy case file, and we have identified all documents withheld as privileged from within the UBIP hard copy case file on a detailed privileged log. Plaintiff directs Defendants to the documents Plaintiff has previously produced in discovery to date and the documents produced contemporaneously with this response, including Bryant NSB 008845–008846. With respect to non-privileged documents from Malcolm Bryant's hard copy case file from UBIP, there are no additional documents to produce. Investigation continues.

8.      Produce the entire file of Attorney Nethercott file which was partially produced by the Quattrone Center with the prefix "Nether".

 **RESPONSE**: Plaintiff objects to this request as vague, ambiguous, overbroad, and unduly burdensome. Plaintiff further objects to this request to the extent that it calls for the production of information and documents that are protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or other applicable privilege or protection, including without limitation privileged documents created by Plaintiff's counsel, experts, and investigators for and in anticipation of this civil litigation.

Plaintiff therefore construes this request to seek non-privileged documents from Malcolm Bryant's hard copy case file from the University of Baltimore Innocence Project (UBIP). Plaintiff further objects to this request as unduly burdensome as we have produced the entirety of the non-privileged UBIP hard copy case file, and we have identified all documents withheld as privileged from within the UBIP hard copy case file on a detailed privileged log. Plaintiff directs

Defendants to the documents Plaintiff has previously produced in discovery to date and the documents produced contemporaneously with this response, including Bryant NSB 008845–008846. With respect to non-privileged documents from Malcolm Bryant's hard copy case file from UBIP, there are no additional documents to produce.

9.      Produce the original criminal defense attorney's trial file for the criminal case underlying this lawsuit and relating to the prosecution of Malcom Bryant for the death of Toni Bullock.

**RESPONSE:**  Plaintiff objects to this request as vague and ambiguous, including with respect to the terms "original criminal defense attorney," "trial file," "criminal case underlying this lawsuit," and "relating to the prosecution." Plaintiff construes this request to seek the files of counsel who represented Malcolm Bryant during the trial in the criminal action *State of Maryland v. Malcolm Bryant*, Indictment Numbers 199008011, 199008012, and 199008013.

Subject to these objections, and reserving the right to supplement/amend this response, Plaintiff directs Defendants to Plaintiff's supplemental production on October 2, 2020, in response to Individual Defendants' First Request for Production. This supplemental production contained Plaintiff's understanding of the trial file [Rogers File 000001–000575], which Plaintiff understands the UBIP obtained from the Maryland Office of Public Defender, and was made pursuant to an agreement that the production of these documents [Rogers File 000001–000575], in and of itself, does not create a broader waiver as to any other privileged documents.

Dated: October 21, 2020

NEUFELD SCHECK & BRUSTIN, LLP

/s/  Yasmin Dagne

16

Amelia Green
Anna Benvenutti Hoffmann
Nick Brustin
Yasmin Dagne
Neufeld Scheck and Brustin LLP
99 Hudson St., 8th Floor
New York, NY 10013
amelia@nsbcivilrights.com
anna@nsbcivilrights.com
nick@nsbcivilrights.com
yasmin@nsbcivilrights.com

BROWN, GOLDSTEIN & LEVY LLP

Joshua Treem
Anisha Queen
Chelsea Crawford
Jean Zachariasiewicz
Brown, Goldstein & Levy, LLP
120 E. Baltimore St., Suite 1700
Baltimore, MD 21202
jtreem@browngold.com
aqueen@browngold.com
ccrawford@browngold.com
jmz@browngold.com

*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

  I, Yasmin Dagne, hereby certify that on October 21, 2020, true and correct copies of Plaintiff's Response to Individual Defendants' Second Request for Production of Documents were served via electronic mail to:

Avi Kamionski
Shneur Nathan
Theresa Concepcion
Matthew McCarter
Mayer Engelsberg
NATHAN & KAMIONSKI LLP
201 N. Charles St., Suite 1202
Baltimore, MD 21201
akamionski@nklawllp.com
snathan@nklawllp.com
mmccarter@nklawllp.com
mengelsberg@nklawllp.com
tconcepcion@nklawllp.com

*Attorneys for Individuals Defendants*

Justin Conroy
Kara Lynch
Natalie Amato
Baltimore City Department of Law
100 N. Holliday St., Suite 101
Baltimore, MD 21202
natalie.amato@baltimorecity.gov
kara.lynch@baltimorepolice.org
justin.conroy@baltimorepolice.org

*Attorneys for Baltimore Police Department*

/s/ Yasmin Dagne   