**Brown Goldstein & Levy**

May 12, 2021

**BY ECF**
Hon. Deborah L. Boardman
United States District Court for the District of Maryland
101 West Lombard Street, Chambers 3C
Baltimore, Maryland 21201

        Re:    *The Estate of Malcolm J. Bryant v. Baltimore City Police Dep't, et al.*,
              No. 1:19-cv-00384-ELH

Dear Judge Boardman:

      The parties have two disputes related to damages witnesses: (1) Plaintiff objects to the scope of document subpoenas issued by the Individual Defendants to four damages witnesses, and (2) the Individual Defendants claim that Plaintiff has provided insufficient information regarding the scope of the damages witnesses' knowledge.

**I.**      **Document Subpoenas Served on Damages Witnesses**

      On March 24, 2021, Defendants served a records subpoena on Anne Bryant, Malcolm Bryant's mother, requiring production of, *inter alia*, "[a]ny and all communications (written, text, emails, Facebook, or any other social media) related to Malcolm Bryant sent to or received from Malcolm Bryant or anyone [sic] other person. This includes all emails sent to and from Malcolm Bryant." Ex. A, 3.24.21 Subpoena to A. Bryant. On April 1, 2021, Defendants provided notice of records subpoenas with identical language to be served on four Bryant family members: Anne Bryant, Daa'iyah Bryant (Mr. Bryant's sister), Debria Hendricks (Mr. Bryant's niece), and Melvina Melvin (Mr. Bryant's cousin). Ex. B, 4.1.21 Subpoenas. During a discovery conference on April 13, 2021, the Court indicated that records subpoenas to third-party family members requesting anything beyond copies of physical letters to or from Mr. Bryant were unduly burdensome and not proportional to the needs of the case. Defendants then sent a supplemental subpoena rider requiring production of "[a]ny and all communications (written, audio, video, text, emails, Facebook, or any other social media platform) received from or sent to Malcolm Bryant, *or other persons or entities*…including *but not limited to* any and all legal documents…and *any other materials* concerning or relating to Malcolm Bryant's 1999 criminal conviction, post-conviction efforts, subsequent exoneration, and efforts leading up to his exoneration and civil lawsuit[.]" Ex. C, Supp. Subpoena Rider (emphasis added).

      In email correspondence and during meet and confers on April 22 and May 6, 2021, Plaintiff objected that the supplemental subpoena rider remains overly broad and unduly burdensome because it would require that unrepresented third parties search all of their electronic communications over an unlimited time period. *See, e.g.*, Ex. D, 4.14.21 Email from J. Zachariasiewicz to J. England-Caesar. Seeking to compromise and provide the information deemed relevant and appropriate by the Court, Plaintiff produced copies of the physical letters Anne Bryant had in her possession and confirmed that the other witnesses do not have any physical letters to or from Mr. Bryant. *See, e.g.*, Ex. E, 4.22.21 Email from J. Zachariasiewicz to J. England-Caesar. Yet Defendants still seek to enforce these subpoenas as written.

      As the Court has already recognized, unrepresented third-party family members should not be forced to search every method of communication they have for *any communication* with

*anyone* related to Mr. Bryant's conviction or exoneration. Like the original subpoena to Ms. Bryant, these subpoenas are unduly burdensome, not proportional to the needs of this case, and inappropriately intrusive regarding sensitive matters. Plaintiff therefore requests that the Court quash these subpoenas. *See* Fed. R. Civ. P. 45(d)(3)(A)(iv).

## II.     Information Provided Regarding Damages Witnesses' Knowledge

In accordance with your April 15, 2021, Order directing Plaintiff to provide Defendants with information about the scope of knowledge for six damages witnesses, *see* ECF No. 172, Plaintiff emailed Defendants a summary describing the nature of Mr. Bryant's relationship with each witness, and the extent of each witness's relationship with Mr. Bryant before, during, and after his incarceration. *See* Ex. F, 4.19.21 Email chain between J. Zachariasiewicz and J. England-Caesar 4–5. Defendants now complain that this information is deficient because they cannot determine whether the witness testimony will be cumulative. However, they have not articulated the additional information they need to make such a determination. *See id* at 3–4. Plaintiff has provided sufficient detail for Defendants to make an informed decision about which damages witnesses to depose and the Court should deny their request for more information.[1]

Defendants misunderstand that the purpose of the Court's Order requiring Plaintiff to provide additional information was to "*reduce* the possibility of cumulative testimony," not to eliminate it. *See* ECF No. 172 (emphasis added). Yet, Defendants have asked Plaintiff to specifically describe "how each person's testimony will differ from the other and how they are not cumulative." Ex. F at 3. Defendants ignore that the six witnesses are Mr. Bryant's relatives and knew him before and after his incarceration. Therefore, their testimony will overlap to some degree, as it will shed light on Mr. Bryant's personality, mood, and behavior before and after he experienced the trauma of prison. The only material difference between their testimony will likely be to what extent each witness observed the effects of incarceration on Mr. Bryant, which Defendants can glean from the nature of Mr. Bryant's relationship with the witness. For example, Debria Hendricks knew Mr. Bryant when she was a child, stayed in touch with him while he was incarcerated, and lived with him after his release. Defendants should be able to deduce that Ms. Hendricks is likely a more significant damages witness than William Bryant who saw Mr. Bryant only "a few times after his release from prison." *Id.* at 5.

Defendants appear to want Plaintiff to decide for them whom to depose. However, Plaintiff's counsel is not obligated to share their impressions of the witnesses or notes from interviews with them, which are protected from disclosure by the attorney work product doctrine. *See In re Grand Jury Subpoena*, 870 F.3d 312, 317 (4th Cir. 2017) ("In our view, *Upjohn* and *Hickman* make clear that a lawyer's recollection of a witness interview constitutes opinion work product entitled to heightened protections."). The Court should deny Defendants' request for additional information and order that Defendants may depose up to two additional damages witnesses of their choosing.

---

[1] The Court ordered that, after Plaintiff provided additional information, the parties "meet and confer in an effort to compromise on the number of additional damages witnesses" who would be deposed, ECF No. 172, with the Court indicating at the April 13, 2021, discovery conference that two depositions would be reasonable. Defendants have ignored the Court's guidance and argued to Plaintiff that unless Plaintiff provides additional, unspecified information, they will have to depose all six damages witnesses. It appears that Defendants' real goal is to manufacture a continuing dispute so that they do not need to engage in the type of compromise envisioned by the Court.

Respectfully,

/s/
Jean Zachariasiewicz (Bar No. 19734)
Chelsea J. Crawford (Bar No. 19155)
Anisha S. Queen (Bar No. 20766)
Brown, Goldstein & Levy, LLP
120 E. Baltimore Street, Suite 2500
Baltimore, Maryland 21201
jmz@browngold.com
ccrawford@browngold.com
aqueen@browngold.com
T: (410) 962-1030/ F: (410) 385-0869

Nick Brustin (*Pro hac vice*)
Anna Benvenutti Hoffmann (*Pro hac vice*)
Amelia Green (*Pro hac vice*)
Yasmin Dagne (*Pro hac vice*)
Neufeld Scheck & Brustin, LLP
99 Hudson Street, 8th Floor
New York, NY 10013
nick@nsbcivilrights.com
anna@nsbcivilrights.com
amelia@nsbcivilrights.com
yasmin@nsbcivilrights.com
T: (212) 965-9081/ F: (212) 965-9084

*Attorneys for Plaintiff*