**NATHAN & KAMIONSKI LLP**

Avi Kamionski
*Partner*
akamionski@nklawllp.com
T: (312) 612-1928
F: (312) 448-6099

<u>**VIA ELECTRONIC COURT FILING**</u>                                                                July 15, 2021

Hon. Deborah L. Boardman
United States District Court
101 West Lombard Street, 3C
Baltimore, Maryland 21201

        **Re:**    **The Estate of Malcolm Bryant v. Baltimore Police Department, et al.,
Civil Action No. ELH-19-00384**

Dear Judge Boardman:

      On June 28, 2021, Plaintiff produced the expert reports of Dr. Susan Rushing, Clinical Psychiatrist; Dr. Charlotte Word, Forensic DNA Consultant; Dr. Priya Banerjee, Forensic and Anatomic Pathologist; Dr. Jennifer Dysart, Psychologist; and Alan Keel, Forensic Biology/DNA Analyst Supervisor. The five experts' reports totaled 179 pages. Embedded in these pages was the astonishing revelation that Dr. Rushing previously interviewed Malcolm Bryant for a total of **six hours** on October 20, 2016, and December 2, 2016, (Exhibit 1 - Under Seal, Rushing Report) and generated 11 pages of notes related to those interviews. (Exhibit 2 – Under Seal, Rushing Notes on Bryant). Dr. Rushing's report also revealed that earlier this year, she interviewed: 1. Daa'iyah Bryant, Malcolm Bryant's sister; 2. Annie Bryant, Malcom Bryant's mother; 3. Lamar Estep, Malcolm Bryant's son; 4. Malique Bryant, Malcom Bryant's son; 5. Samuel ("Richard") Jackson, Malcolm Bryant's cousin; and 6. Melvina Melvin, Malcolm Bryant's cousin, where Dr. Rushing also generated 17 pages of previously undisclosed notes related to these interviews. (Exhibit 3 – Under Seal – Rushing Notes on Bryant's Family). Notably, and as Plaintiff's position paper concedes, Plaintiff did not produce Dr. Rushing's notes until July 12, 2021.

      Early on in this litigation, Individual Defendants ("Defendants") propounded discovery demands to Plaintiff for "all witness statements … and other documents relating to the Complaint" and to "[i]dentify all persons who may have personal knowledge of any fact alleged in the pleadings…" (See Exhibit 4 – Plaintiff's Response to Defendant's First Set of Requests for Production of Documents, Response to Request No. 1 and Exhibit 5 – Under Seal, Plaintiff's Fourth Amended Response to Defendant's First Set of Interrogatories, Response to Interrogatory, No. 2). While Plaintiff has amended their responses to interrogatories at least four separate times, Plaintiff, however, failed to adequately respond to – and supplement – these discovery demands with the discoverable information they had available. Except for Melvina Melvin[1], Defendants

---

[1] Defendants sought the deposition of Ms. Melvin and more information on what she and other witnesses would testify about regarding damages in their position papers to the Court on April 2, 2021 and May 12, 2021 (See Docket Entry Nos. 162 and 185). Given Plaintiff's arguments to the Court at that time, none that disclosed a planned meeting with Dr. Rushing, the Court denied Defendant's request for additional information and limited Defendants to two depositions of damages witnesses. (See Docket Entry Nos. 172 and 194).

deposed the above-referenced witnesses with absolutely no knowledge of *any* of these interviews or the notes. As a result, Defendants were denied the opportunity to question these witnesses about statements they made to Dr. Rushing. Defendants were also denied the ability to investigate the plethora of information contained in the 11 pages of notes from Malcom Bryant's interviews.

To mitigate this prejudice, Defendants sought to re-depose Daa'iyah Bryant, Annie Bryant, Lamar Estep, Malique Bryant and Samuel Jackson, limited only to the interviews they had with Dr. Rushing; and to depose Ms. Melvin. Plaintiff objected and claimed they "were under no obligation to notify [Defendants] that these witnesses were interviewed by Dr. Rushing as their depositions occurred prior to expert disclosures." (Email from Plaintiff's Counsel attached hereto as Exhibit 6). This is not fair play. Since the inception of this litigation, Plaintiff was aware that Malcolm Bryant made six hours' worth of statements about this case yet failed to disclose those statements to Defendants. Mr. Bryant's 2016 statements should have been disclosed at the outset of discovery and, given the Plaintiff's ongoing obligation to supplement discovery responses, disclosure of the 2021 witness interviews should have been made immediately.

Accordingly, Defendants respectfully request that this Court order that Daa'iyah Bryant, Annie Bryant, Lamar Estep, Malique Bryant and Samuel Jackson be re-deposed, with questioning limited to their interviews with Dr. Rushing. Defendants should also be allowed to depose Melvina Melvin and to conduct discovery into the information Malcom Bryant provided to Dr. Rushing. "Rule 26(e) was intended to ensure prompt disclosure of new information, not to allow parties to spring late surprises on their opponents under the guise of a 'supplement' to earlier disclosures." *Barlow v. General Motors Corp.*, 595 F. Supp. 2d 929, 935 (7th Cir. 2009). Rather, "the duty to supplement cannot be transformed into a right to ambush …" *Id*. at 936. Plaintiff is not "free to hold back their damages theories until 30 [] days before trial" as this understanding of Rule 26 "would undermine most of what Rule 26 as a whole tries to accomplish by requiring disclosures of evidence of damages claims long before trial to avoid the proverbial trial by ambush" *Id*. "Rule 26 imposes a duty on Plaintiffs; it grants them no right to produce information in a belated fashion." *Reid v. Lockheed Martin Aeronautics Co.,* 205 F.R.D. 655, 662 (N.D. Ga. 2001). Plaintiff's conduct clearly violates the spirit of Rule 26 and, accordingly, Defendants seek to redress that prejudice.

Furthermore, since Defendants' experts are not afforded the opportunity to rebut any supplemental reports that Plaintiff's experts may later submit, Plaintiff would not be prejudiced by Defendants deposing the Plaintiff's experts prior to submitting their own experts' reports. Deposing Plaintiff's experts first would give Defendant's experts additional context and time to review all the notes, documents, and information the Plaintiff's experts created, reviewed, or relied on. Defendants' experts can then evaluate the techniques and methods used by Plaintiff's experts to form an opinion as to the accuracy and reliability of Plaintiff's experts' results. Defendants have already been prejudiced by Plaintiff's delay in disclosing the above-referenced interviews and notes. Defendants would be further prejudiced if their experts are not afforded an opportunity to perform a complete review and evaluation of all available information prior to conducting their analysis.

In light of the July 26, 2021, deadline for Defendants' expert disclosures and Plaintiff's belated July 12, 2021, disclosure, Defendants issued notices of deposition for Plaintiff's five expert witnesses for the week of July 19, 2021 and in advance of Defendants' July 26, 2021, expert

disclosure deadline. (Exhibit 7). Unsurprisingly, Plaintiff's position paper posits two contradictory arguments because Plaintiff opposes extending discovery while also noting that "Plaintiff's counsel reached out to defense counsel to propose delaying expert depositions until after summary judgment." Plaintiff's own argument demonstrates that there would be no prejudice to extending the deadline for Defendants' expert disclosures. With an extension, Defendants would have the opportunity to depose the relevant fact and expert witnesses and provide their experts with all the information required for their own reports. At the very least, Defendants' retained psychologist must be provided the same opportunity Dr. Rushing had to interview these six witnesses. If Defendants' experts are not able to fully evaluate these witnesses prior to submitting their expert report, Defendants' experts will not have been given the fair opportunity of reviewing and evaluating all of the information reasonably available, which was relied on by Plaintiff's expert, to produce a complete and accurate investigation of the facts, information, and circumstances necessary to come to a sound conclusion to a reasonable degree of scientific certainty.

For these reasons, Defendants respectfully request that they be allowed to re-depose the witnesses questioned by Dr. Rushing; depose Ms. Melvin; and depose Plaintiff's experts prior to submitting Defendants' expert disclosures. Given the time constraints, and Plaintiff's objections, deposing Plaintiff's experts would necessarily require extending Defendants' deadline for expert disclosures. However, considering Plaintiff's own admission of being willing to wait to depose expert witnesses, Plaintiff would not be prejudiced by such an extension of time.

/s/
Avi T. Kamionski, Bar No. 20703
Shneur Nathan, Bar No. 20707
Theresa Concepcion, Bar No. 21143
Michael J. Elliker, Bar No. 20810
Jasmine R. England-Caesar, Bar No. 21515
Nathan & Kamionski LLP
575 S. Charles Street Suite 402
Baltimore, MD 21201
T: (312)612-1928
snathan@nklawllp.com
akamionski@nklawllp.com
tconcepcion@nklawllp.com
melliker@nklawllp.com
jasmine@nklawllp.com
*Attorneys for Defendants William Ritz and Barry Verger*