UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
(410) 962-2577 FAX
MDD_DLBChambers@mdd.uscourts.gov

July 20, 2021

RE: *Estate of Malcolm Bryant v. Baltimore Police Department*
    No. ELH-19-384

## LETTER ORDER

Dear Counsel,

      This letter order resolves the parties' pending discovery disputes outlined in ECF 204 and 206. Fact discovery has closed, and expert discovery is underway. In compliance with the amended scheduling order, ECF 161, plaintiffs produced their expert reports on June 28, 2021, including a report from psychiatrist Dr. Susan E. Rushing. In her expert report filed under seal, ECF 207, Dr. Rushing opines, among other things, that the trauma Mr. Bryant endured as a result of his conviction and incarceration caused him debilitating mental illnesses, the effects of which "would have kept him from living a full life and enjoying his freedom." In connection with developing her expert opinions, Dr. Rushing interviewed Malcolm Bryant twice in 2016 after his release from prison, and she interviewed six family members this year, five of whom the individual defendants have deposed. Dr. Rushing produced her notes from these interviews on July 12. Until receiving the report, the individual defendants did not know that Dr. Rushing had interviewed Mr. Bryant or his family members. They now seek leave to re-depose the five damages witnesses they already questioned and leave to depose another damages witness, Melvina Melvin, Mr. Bryant's cousin, whom they did not question. They also seek leave to depose plaintiffs' experts before they submit their expert reports, which are due July 26, 2021. Finally, they seek leave to conduct discovery into the information Malcolm Bryant provided to Dr. Rushing during two meetings with her in 2016. These requests are denied.

      Underpinning defendants' requests is the assertion that plaintiffs were required to disclose Dr. Rushing's notes of her interviews with Mr. Bryant and his family members before the expert report disclosure deadline. Defendants claim they asked plaintiffs in fact discovery to "[p]roduce all witness statements . . . and other documents relating to the Complaint." ECF 206. However, the entire document request reads as follows: "Produce all witness statements, subpoenaed documents, criminal defense files, correspondence, jail records, court pleadings, transcripts, and communications, and other documents relating to the Complaint." Doc. Request No. 1, ECF 206-4. Plaintiffs responded that the term "witness statements" was "vague and ambiguous," and "[i]n responding to th[e] request, Plaintiff[s] construe[d] 'witness statements' to mean signed witness statements or Baltimore Police Department reports of witness interviews relating to the investigation of the homicide of Toni Bullock." *Id.* Defendants did not object to this construction. Moreover, plaintiffs' interpretation of the request is reasonable in light of the use of the term "witness statement" in other similar litigation. *E.g.*, *Chestnut v. Kincaid*, No. RDB-20-2342, 2021

WL 1662469, at *2, *11 (D. Md. Apr. 28, 2021) (referring to "*witness statements* taken by the detectives" and "discovery of a report related to a *witness statement* made just hours after the murder" (emphasis added)); *Johnson v. Balt. Police Dep't*, No. ELH-19-00698, 2020 WL 1169739, at *5, *6 (D. Md. Mar. 10, 2020) (noting that in this litigation, "Mr. Bryant's post-conviction proceedings uncovered BPD officers' failure to disclose . . . *witness statements*" (emphasis added)).  For purposes of the pending requests, I find that Dr. Rushing's notes taken during interviews she conducted with Mr. Bryant after his incarceration in 2016 and with his family members in 2021 do not fall within the scope of the document request for witness statements.

I turn now to defendants' requests to reopen fact discovery and to extend their expert disclosure deadline.  Parties may modify a scheduling order only for good cause and with the judge's consent.  Fed. R. Civ. P. 16(b)(4).  Reopening discovery, like other modifications, requires a showing of good cause.  *See id.*; *Humbert v. O'Malley*, No. WDQ-11-0440, 2015 WL 1256458, at *2 (D. Md. Mar. 17, 2015).

The defendants seek to reopen fact discovery for the limited purpose of re-deposing five damages witness and deposing Ms. Melvin about their interviews with Dr. Rushing.  The defendants claim they were denied the opportunity to question these witnesses about the statements they made to Dr. Rushing because they did not know Dr. Rushing had interviewed them.  This argument is unpersuasive.  Plaintiffs disclosed these family members as people with information about Mr. Bryant's mental and physical state during and after his incarceration.  Defendants had the opportunity to, and in fact did, question five of the six witnesses about the same topics that Dr. Rushing discussed with them.  Defendants could have asked the witnesses whether they ever had spoken with any experts.  They did not.  Even if defendants had asked that question, they have not identified what additional information they would have discovered that is not included in Dr. Rushing's notes or in the testimony.  As for Ms. Melvin, Mr. Bryant's cousin, Dr. Rushing's interview notes are only half a page in length.  According to the notes, Ms. Melvin never visited Mr. Bryant in prison and only saw him a couple times after he returned from prison.  Much of the notes reflect how the incarceration affected her, which is not a basis for damages.  Thus, defendants have not shown good cause to reopen fact discovery.  Nor have they made the particularized showing necessary to reopen the depositions of plaintiffs' damages witnesses or to depose Ms. Melvin.  *See* Fed. R. Civ. P. 26(b)(1); Dec. 17, 2020 Ltr. Order, ECF 135.  In addition, any additional questioning of these witness is not proportional to the needs of the case.  *See* Fed. R. Civ. P. 26(b)(1).

The defendants also seek to extend their upcoming July 26, 2021 expert disclosure deadline to allow time for their experts to depose plaintiffs' experts before submitting their expert reports.  Defendants argue:

> Deposing Plaintiff[s'] experts first would give Defendant[s'] experts additional context and time to review all the notes, documents, and information the Plaintiff[s'] experts created, reviewed, or relied on.  Defendants' experts can then evaluate the techniques and methods used by Plaintiff[s'] experts to form an opinion as to the accuracy and reliability of Plaintiff[s'] experts' results.

Defs.' Ltr. 2.

The defendants again have not identified good cause.  Dr. Rushing has submitted a detailed report identifying the grounds for her conclusions, and defendants have not challenged the sufficiency of her report under Rule 26(a)(2)(B).  In addition, Dr. Rushing has produced the documents that she generated and relied upon in creating her expert report.  Defendants' expert has ample information on which to base his or her opposing report.  I will not suspend the deadline to allow defendants time to depose Dr. Rushing or other plaintiffs' experts simply because defendants' experts would like to have "additional context" and more time to review documents.  If that were grounds to extend an expert disclosure deadline, nearly every party would make the same request.  In short, the defendants have not identified any legitimate reason to rework the traditional order of expert discovery, in which competing expert reports are exchanged and expert depositions follow.

Finally, defendants have not shown good cause to reopen discovery to investigate the information that Malcolm Bryant provided Dr. Rushing during his two 2016 meetings with her.  Dr. Rushing's 11 pages of contemporaneous interview notes contain, in part, verbatim transcriptions of Mr. Bryant's statements.  During the interviews, Mr. Bryant described the emotional toll his incarceration had on him and his experiences in prison.  If he were alive, Mr. Bryant would have been deposed on these topics.  Without his testimony, the next best evidence is Dr. Rushing's notes and her sworn testimony about her interviews with him.  As to the information he provided, the defendants had more than sufficient time to investigate Mr. Bryant's experiences in prison.  Notably, the defendants have not identified any information in Dr. Rushing's notes that they were unable to discover with due diligence during fact discovery.  Any additional discovery regarding Malcolm Bryant's statements to Dr. Rushing would not be proportional to the needs of the case.  *See* Fed. R. Civ. P. 26(b)(1).

The defendants' requests to reopen discovery to re-depose five witnesses, to depose another witness, and to conduct additional discovery into the statements Mr. Bryant made to Dr. Rushing are denied.  Their request to depose plaintiffs' experts before submitting their expert reports also is denied.

Although informal, this is an Order of the Court and shall be docketed as such.

Sincerely,

_____/S/_____
Deborah L. Boardman
United States District Judge